**GALION IRON WORKS & MFG. CO. v. STATE INDUSTRIAL COMMISSION et al.**

No. 13902—Opinion Filed March 13, 1923.

(Syllabus.)

1. **Master and Servant — Workmen's Compensation — Notice to Employer of Injury—Waiver.**

When, on the hearing of a complaint filed by an employe under the Workmen's Compensation Act, no objection is made that such employe failed to give notice of his injury to the employer, it is unnecessary for the State Industrial Commission to make any finding upon that question or in any way excuse the failure to give such notice.

2. **Same—Findings of Fact by Commission—Conclusive on Review.**

It is only where there is no evidence to sustain the findings of fact made by the Industrial Commission that the Supreme Court will review such findings, and where there is any evidence to sustain the findings of fact made by the commission, the same are conclusive in this court.

Appeal from Order of State Industrial Commission.

Action by Galion Iron Works & Manufacturing Company to review award of workman's compensation to W. H. Shelton. Affirmed.

H. J. Sturgis, for petitioner.

George F. Short, Atty. Gen., Kathryn Van Leuven, Asst. Atty. Gen., and Simons, McKnight & Simons, for respondents.

JOHNSON, J. This case presents error from the State Industrial Commission in a certain proceeding had before it in which W. H. Shelton was the claimant, and Charles Goodspeed and the petitioner were the respondents and alleged to be the employers of the claimant, W. H. Shelton.

On the 28th day of September, 1922, the Industrial Commission made an award in which they found, among other things, the Galion Iron Works & Manufacturing Company was the contractor and that Charles Goodspeed was a subcontractor, and awarded to the claimant, Shelton, compensation against both the petitioner and Goodspeed. The Galion Iron Works & Manufacturing Company has brought this petition for review on the theory that under the undisputed facts in the case Charles Goodspeed was an independent contractor, and that petitioner is not liable for compensation to one of his employes, and that the findings of the Industrial Commission are not supported by any evidence.

The record discloses that the Galion Iron Works & Manufacturing Company, a corporation with its principal place of business at Galion, Ohio, duly authorized to do business in the state of Oklahoma, had a warehouse in the city of Enid, from which it distributed a portion of its machinery over this state. Charles Goodspeed was a drayman of Enid, and W. H. Shelton a day laborer of that city. On the 4th day of

May, 1922, Mr. Shelton was hired by Charles Goodspeed to assist and help load a car of machinery for the Galion Iron Works & Manufacturing Company, at the latter's loading dock at its warehouse, in the local yards of the St. Louis & San Francisco Railway Company. The evidence showed that Charles Goodspeed was given written authority from the Galion Iron Works & Manufacturing Company to hire men for that company, which written authority was in the form of a letter, in words and figures as follows, to wit:

"Kansas City, Missouri,

"May 3rd, 1922.

"Mr. Charles Goodspeed,

"Drayman,

"Enid, Oklahoma.

"Dear Sir:

"I will leave here Thursday night for Enid to start loading a car of machinery Friday morning early. Would be glad if you would make your arrangements to load this car for me and be at the warehouse at seven o'clock or as near that time as possible.

"Would suggest that you get five or six men to help us do the loading, as I sure want to get the car loaded Friday.

"If you can find Tex, have him there, also, as there is quite a little crating on some files and some repairs I wish to have boxed up to ship here. You might have Ted look around and get as many big boxes as he can find out of the heavy material to box these repairs in.

"Trusting you will be on hand with the bunch to go to work, beg to remain.

"Very truly yours,

"The Galion Iron Works & Mfg. Co.

"(Signed) J. A. Hyatt."

It is urged by the petitioner in its brief that the claim of the respondent is barred under the statute, Workmen's Compensation Act, for the reason that this respondent failed to comply with such statute with reference to sending notice of the injury within 30 days to the commission and to the employer, and for the reason that the State Industrial Commission failed to excuse such omission in its award.

The award of the State Industrial Commission rendered on the 28th day of September, 1922, in this case, at paragraph 4, reads as follows:

"That the respondents had proper notice of said accident and the employe filed his claim for compensation with the commission within the statutory period."

At the trial before the State Industrial Commission, the petitioner failed to urge the lack of proper notice as a defense to the claim and is now attempting to raise that question for the first time before this court.

Respondents urge that if such a state of facts applies to the instant case, the objection was waived by the petitioner because of its failure to urge such defense before the commission, and in support of such contention, cite the following:

"When, on the hearing of a complaint filed by an employe under the Workmen's Compensation Act, no objection is made that such employe failed to give notice of his injury to the employer, it is unnecessary for the State Industrial Commission to make any finding upon that question or in any way excuse the failure to give such notice. That the employer and insurance carrier have waived the question that they were prejudiced by the failure of the claimant to give the notice as provided for in section 8 of article 2, chapter 246, Session Laws 1915, and further held, that the award of the Industrial Commission be affirmed." Dewer Coal Mining Company, et al. v. State Industrial Commission et al., decided December 12, 1922, 87 Okla. 24, 211 Pac. 70.

On account of the failure of the petitioner to urge the failure of proper notice as a defense, the same was waived and the commission had proper jurisdiction. Dewar Coal Mining Co. v. State Ind Com., supra.

Section 4 of the Workmens Compensation Act provides as follows:

"That a principal contractor, intermediate, or subcontractor, shall be liable for compensation to any employe injured while in the employ of any of his intermediate or subcontractors and engaged upon the subject-matter of his contract, to the same extent as his immediate employer. Any principal, intermediate or subcontractor who shall pay compensation under the foregoing provision may recover the amount paid from the subordinate subcontractor through whom he may have been rendered liable under this section."

Under the language of the above act and the facts, supra, it is clear that the Galion Iron Works & Manufacturing Company was the principal, or master, Goodspeed the contractor, or servant, and that the relation of master and servant existed between the Galion Iron Works & Manufacturing Company and the respondents.

Findings 1 and 2 of the Industrial Commission were as follows:

"(1) That the Galion Iron Works & Manufacturing Company, the respondents herein, are the principals, and that Charles Goodspeed, respondent, is a subcontractor.

"(2) That the claimant. W. H. Shelton, was injured March 5, 1922, while in the employ of the respondents herein."

The evidence in the record supports these findings, and in such circumstances such findings are conclusive on this court. Merrick & Coe v. Modlin et al., decided October 3, 1922, 88 Okla. 83, 211 Pac. 510; Associated Employers' Reciprocal et al. v. State Industrial Commission, 83 Okla. 73, 200 Pac. 862; Stasmos v. State Industrial Commission et al., 80 Okla. 221, 195 Pac. 762.

The award of the Industrial Commission is affirmed.

KANE, KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.