## HENDERSON v. BALDWIN et al.

No. 13016—Opinion Filed Feb. 26, 1924.

### 1. Trial—Directing Verdict Before Close of Evidence.

Section 541, Comp. Stat., 1921, provides the orderly method for the trial of all civil causes, and under this section it is error for the trial court to direct a verdict for the plaintiffs before the defendant has rested his case.

### 2. Same—Erroneous Direction of Verdict.

It is error to direct a verdict for the plaintiffs where, admitting the truth of all the evidence given in favor of defendant, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough competent evidence to reasonably sustain a verdict should the jury find for

the defendant. Haddock v. Sticelber & Mong, 65 Okla. 254, 165 Pac. 1138.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Pottawatomie County; Clarence Robison, Judge.

Action by A. M. Baldwin and A. J. Carlton against W. A. Henderson. Judgment for plaintiffs, and defendant appeals. Reversed.

T. G. Cutlip, for plaintiff in error.

F. H. Reily and E. D. Reasor, for defendants in error.

Opinion by THREADGILL, C. This suit was commenced by A. M. Baldwin, one of the defendants in error, in the justice court on February 17, 1921, against W. A. Henderson, plaintiff in error, to recover on a note for $20, which note was dated May 20, 1916, and matured July 15 of the same year. The plaintiff obtained judgment in the justice of the peace court and the defendant Henderson appealed to the county court of Pottawatomie county. In the county court the bill of particulars, by leave of court, was amended by making A. J. Carlton a party plaintiff and by the bill of particulars stating that Baldwin and Carlton were joint owners of the note. The defendant by leave of court filed an amended answer in which he admitted the execution of the note and pleaded lack of consideration in the fact and for the reason that said note was made to show good faith in a controversy between him and the plaintiffs, that they had managed certain litigation for him as his attorneys and claimed that he was indebted to them in the sum of $145, that they had obtained judgment for him against the American Express Company for $199.99, and they had obtained his permission to settle this judgment for $150, and thereafter had informed him that they settled for $125, and applied the same on his indebtedness leaving him owing them the sum of $20, and he objected to this settlement because he had not authorized them to settle for less than $150, and he demanded of them a showing from the company that the claim was settled for $125 instead of $150, and they agreed that if he would sign this note for $20 that they would furnish him the showing he demanded, and they had failed to furnish this information as agreed, and he claimed that the consideration for the note was the information he demanded and that he would not have signed the note if it had not been for this agreement. Defendant further complained that he was not indebted to the plaintiffs in any sum at the time the said note was signed, and it was agreed

that if the plaintiffs did not furnish the information as to the settlement with the express company that the note would be returned to him. The case was tried to a jury July 29, 1921, and after the plaintiffs introduced their testimony and rested, and while the defendant was giving his testimony and before finishing his testimony, upon motion by the plaintiffs for a directed verdict in their favor, the court directed the jury to return a verdict for the plaintiffs for the amount sued for, and the defendant saved an exception. The jury returned the verdict as directed and the court rendered judgment accordingly, and the defendant brings the case here by petition in error and case-made for review.

Defendant alleges four assignments of error:

"(1) Overruling motion for new trial. (2) Directing the jury to return a verdict for plaintiffs. (3) Permitting bill of particulars amended by making A. J. Carlton a party plaintiff and refusing continuance upon application of defendant. (4) (In substance same as second.)"

Defendant discusses these errors under two propositions:

"First. The court erred in directing the jury to return a verdict for the defendant in error upon the testimony received and then before the jury the same being invasion of province of the jury on question of fact."

The defendant testified as to the conversation had with the plaintiffs and the circumstances on which he signed the note showing the state of facts he had set up in his answer. The record shows the following proceedings:

"Q. State your name to the jury. A. W. A. Henderson. Q. Are you the defendant in this action? A. Yes, sir. Q. Are you acquainted, and how long have you been acquainted, if at all, with Baldwin and Carlton, or either of them? A. Some seven or eight years. I don't know just how long. Q. Do you remember then when it was the firm of Baldwin & Carlton? A. Yes, sir. Q. Where were their offices at that time? A. When I first knew them they was here in this town. Q. And they moved to Shawnee? A. Yes, sir. Q. I'll ask you to state whether or not they ever had any business with you? A. Yes, sir. Q. About when did that commence? Over what period of time did it run? A. First business they ever had with me was about seven years ago. Q. Shortly after the formation of the firm? A. Yes, I suppose so; I didn't know nothing about them before that. (Plaintiff objects to the introduction of any evidence on the ground it is irrelevant, incompetent, and immaterial, and seeks to vary the terms of

a written instrument and there is no defense alleged in the answer.) By the Court: This is between the original parties and states no consideration. (Overruled. Exception.) Q. Mr. Henderson, the plaintiff, has caused to be marked Exhibit 'A,' and introduced in evidence what purports to be a promissory note, dated July 15, 1916. You are asked to state whether or not you ever saw that paper before? A. Yes, sir. Q. You executed that note? A. Yes, sir. Q. Go on and state to the court and jury in your own way what you understand was the time the note was executed and what the consideration is.

"Plaintiff objects to the introduction of the answer to the question on the ground it seeks to vary the terms of a written instrument which imports verity on its face. There were no verbal or oral agreements at the time. Sustained. Exception.)

"Q. Now, Mr. Henderson, where were you when this note was executed? A. In Shawnee. Q. The note was executed to Baldwin & Carlton? A. Yes, sir. Q. The same parties who are suing you now? A. Yes, sir. Q. The original party? A. Yes, sir. Q. What conversation did you have with these parties and what understanding was it? What did they pay you as consideration for this note, if anything?

"(To which plaintiff objects for the reason it is irrelevant, incompetent and immaterial for the witness to state his understanding. Objection overruled. Exceptions.)

"A. They didn't pay me anything. Q. What was said at that time? What was the note given for? A. Well, the note was given for this reason. They claimed that I owed them $145 for attorney's fee. Well, they had already sued for the money. I had a judgment for $199.99, they told me they could settle for $150 without any further trouble in court. I said: 'If you could settle for $15, go ahead.' It went quite a while, and I never heard from them, so I went up to see what they had done about it, and they told me they had settled for $125; they couldn't get $150, and they had settled for $125, which would leave me owing them on that consideration $20. I told them, I says, 'I wouldn't settle for $125 but $150.' They said, 'We was in need of money, and we thought we would rather lose the $25 and get the balance of the money from you.' I demand a statement showing what they got from the express company. (Plaintiff objects as irrelevant, incompetent and immaterial, not within the issues.) I demanded a statement showing what they got from the express company. They said they didn't have one, but would get one. Said, 'sign this note for $25, and we will get the statement.'

"'(Plaintiff objects as irrelevant, incompetent and immaterial and seeking to vary the terms of the written instrument. Incompetent for that reason.)

"Well, I signed the note under that un-

derstanding. Q. Did they agree to that? A. Yes, sir. Q. That was the agreement at that time? A. Yes, they agreed to furnish me that statement, which they have not done. Q. How much of this $125 did you receive? A. Never a penny. They said they applied it on my debt. On what I owed for attorney's fees. Q. State to the jury whether or not at any time you have ever approved or ratified the settlement of $125. (Plaintiff objects as irrelevant, incompetent and immaterial, seeks to vary the terms of a written instrument, not part of the defense in this case. Any alleged settlement was not pleaded, has nothing to do with the settlement of this note. By the Court: It seems like this is a note given in settlement of all pending accounts between these two parties. Objection sustained. Exception.) Q. Mr. Henderson, the date you came up and executed this note, state whether or not you owed Baldwin $145. or any other sum. (Plaintiff objects as irrelevant, incompetent and immaterial. Overruled. Exceptions.) A. I did not. Q. Then did you so inform these parties at the time of the execution of this note, you didn't owe them $145, or any other sum? A. Why, certainly I did."

At this point in the proceedings the defendant was asked concerning some transactions not within the pleadings which was objected to and the objection sustained. The defendant offered to amend by inserting the transactions in his amended answer and was permitted to make amendment over objection of the plaintiffs, and the plaintiffs then demurred to the amendment and the demurrer was sustained. The plaintiff then moved for a directed verdict in their favor and the court sustained the motion, and the defendant excepted and the defendant claims that this was error to take the issues from the jury before the testimony was closed.

We think this contention must be sustained. Section 541, Comp. Stat. 1921, provides an orderly method for the trial of all civil cases as follows:

"When the jury has been sworn, the trial shall proceed in the following order, unless the court for special reasons otherwise directs: First, the party on whom rests the burden of the issues may briefly state his case, and the evidence by which he expects to sustain it. Second. The adverse party may then briefly state his defense, and the evidence he expects to offer in support of it. Third. The party on whom rests the burden of the issues must first produce his evidence; after he has closed his evidence the adverse party may interpose and file a demurrer thereto, upon the ground that no cause of action or defense is proved. If the court shall sustain the demurrer, such judgment shall be rendered for the party demurring as the state of the pleadings or the proof shall demand. If the demurrer be overruled, the adverse party will then produce his evidence. Fourth. The parties will then be confined to rebutting evidence unless the court, for good reasons in furtherance of justice, permits them to offer evidence in the original case. Fifth. When the evidence is concluded and either party desires special instructions to be given to the jury, such instructions shall be reduced to writing, numbered, and signed by the party or his attorney asking the same, and delivered to the court. The court shall give general instructions to the jury, which shall be in writing, and be numbered, and signed by the judge, if required by either party. Sixth. When either party asks special instructions to be given to the jury, the court shall either give such instructions as requested, or positively refuse to do so; or give the instructions with modifications in such manner that it shall distinctly appear what instructions were given in whole or in part, and in like manner those refused, so that either party may except to the instructions as asked for, or as modified, or to the modification, or to the refusal. All instructions given by the court must be signed by the judge; and filed together with those asked for by the parties as a part of the record. Seventh. After the instructions have been given to the jury the cause may be argued." Williamson et al. v. Hollaway, 69 Okla. 254, 172 Pac. 44.

2. The defendant's testimony had a tendency to show a lack of consideration for the note and this was a good defense. Section 7698, Comp. Stat. 1921, provides as follows:

"Absence or failure of consideration is a matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise." 9 Cyc. 137; Bank v. Webster, 70 Oklahoma, 172 Pac 942; Jessie French, etc., Company v. Bodovitz, 73 Oklahoma, 174 Pac. 765.

The issues had joined on a lack of consideration. The defendant had admitted the execution of the note but he set up facts which if true would show a failure of consideration and was giving his testimony about these facts when the court upon motion of plaintiffs instructed the jury to return a verdict in favor of the plaintiffs for the amount sued for and we must hold that this was error. Haddock v. Sticelber & Mong, 65 Okla. 254, 165 Pac. 1138; Holland Banking Co. v. Dicks, 67 Okla. 228, 170 Pac. 253.

The defendant's second proposition is as follows:

"Because the court erred when it overruled and denied the motion for new trial filed by Henderson and when overruled ex-

cepted to. Because the court erred in instructing the jury to return a verdict for plaintiffs below when the defense was, and the testimony received showed, the note was without consideration."

The proposition is practically a restatement of the first proposition, and the same reasoning and authorities are applicable. We think the statutory rights of the defendant were violated in the trial of the case and the cause should, therefore, be reversed and remanded, with directions to grant the defendant a new trial.

By the Court: It is so ordered.