Note.—See under (1) 7 C. J. p. 751, §548. (2) 7 C. J. p. 625, §301; 52 L. R. A. (N. S.) 630; 3 R. C. L. p. 633; 1 R. C. L. Supp. p. 868; 4 R. C. L. Supp. p. 210. (3) 39 Cyc. p. 539; anno. L. R. A. 1916C, 77; 26 A. L. R. p. 11; 35 A. L. R. 747; 26 R. C. L. p. 1357; 5 R. C. L. Supp. p. 1451. (4) anno. 24 A. L. R. 1152;' 42 A. L. R. 754; 47 A. L. R. 761.

---

## YOUNKMAN v. SMITH, Ex'x.

No. 17879. Opinion Filed April 10, 1928.

(Syllabus.)

**1. Trial—Direction of Verdict for Plaintiff, when Error.**

It is error to direct a verdict for the plaintiff where, admitting the truth of all the evidence given in favor of defendant, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough competent evidence to reasonably sustain a verdict should the jury find for the defendant.

**2. Same—Action by Owner of Real Estate for Breach of Rental Contract.**

The evidence in the record examined, and tested under the rule laid down in paragraph 1 above, and held, that the same is reasonably sufficient to sustain a jury verdict if one were rendered for the defendant, and for that reason the trial court erred in sustaining plaintiff's motion for a directed verdict.

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; C. S. Walker, Judge.

Action by Margaret L. Smith, executrix of the estate of W. M. Smith, against C. S. Younkman on contract. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with directions.

E. G. Wilson and R. C. Searcy, for plaintiff in error.

E. M. Connor, for defendant in error.

TEEHEE, C. The executrix of the estate of W. M. Smith, deceased, as plaintiff, sued C. S. Younkman, defendant, on a contract, copy of which was made a part of the petition.

By the terms of the contract plaintiff leased certain business property to defendant for a period of five years at a specified monthly rental. It was alleged that the terms thereof were breached in that defendant failed and refused to occupy the premises and to pay the specified rentals, by reason whereof plaintiff was compelled to find other tenants, to plaintiff's damage in the sum of $675, the amount of the loss of rentals, for which judgment was prayed. Defendant answered by verified denial, and interposed, in further defense, matter constituting a failure of consummation of the contract by plaintiff. Upon trial, at the close of the evidence, plaintiff moved for a directed verdict, which was sustained, and judgment thereon rendered. This action of the trial court is assigned as error.

This court has held that:

"It is error to direct a verdict for the plaintiffs where, admitting the truth of all the evidence given in favor of defendant, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough competent evidence to reasonably sustain a verdict should the jury find for the defendant." Henderson v. Baldwin, 98 Okla. 19, 223 Pac. 848; Haddock v. Sticelber & Mong, 65 Okla. 254, 165 Pac. 1138.

This rule is here controlling. Application thereof requires notice of certain primary and salient points established by the evidence. The negotiations culminating in the contract sued on were conducted by the agents of the parties. The contract was prepared on March 1, 1925, and to be effective as of March 15, 1925. It was first presented to and signed by the defendant and returned to plaintiff's agent for completion. In addition to the written instrument there was an oral contract, whereunder defendant, at his expense, agreed to make certain necessary alterations in the premises proposed to be leased to meet his plan of store arrangement, but before undertaking this, plaintiff required a surety company bond as a guarantee of replacement of the alterations made by defendant at the expiration of his occupancy. Defendant was unable to meet this requirement within the available time, as no surety company would underwrite the same, and no contractor would make the alterations without knowing that his employer had the right to make the alterations.

It was necessary for defendant to vacate the quarters then occupied by him by March 15th, from which date the written contract was to be effective. Demand was made by defendant upon plaintiff's agent for the lease contract at the close of the previous business day, but he was advised

that the same had not been executed by plaintiff. Being forced to vacate his old quarters, defendant, on March 18th, arranged for other storeroom, and went into possession thereof by the removal of his merchandise thereinto.

Plaintiff signed the contract on March 19th, and made delivery to defendant on that date by deposit thereof in the United States mail addressed to the defendant. Receipt thereof was had upon the following day, whereupon it was returned to plaintiff's agent by defendant with the advice that delivery was too late, and that he deemed himself not bound thereby.

From these salient points of the evidence, and their details, a jury may reasonably find a verdict to sustain defendant's defense of a want of completion of the contract by plaintiff in accordance with its terms, for by section 5036, C. O. S. 1921, a contract in writing is not effective until delivery thereof to the party in whose favor it is made. Delivery of the contract here was later than the time fixed for effectuation. In this state of the record, it must follow that the trial court erred in sustaining plaintiff's motion for a directed verdict. In this conclusion there is, of course, no opinion expressed upon the weight or credibility of the evidence in the case, for this, in our consideration of the alleged error of the trial court, must be taken as true.

The judgment of the district court is accordingly reversed, and the cause remanded for a new trial.

BENNETT, REID, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.