**WILSON & CO., Inc., v. BOLLENS et al.**

No. 22307. Opinion Filed Feb. 2, 1932.

C. D. Bennett, for petitioner.

Paul F. Showalter, for respondent.

HEFNER, J. This is an original proceeding in this court by Wilson & Company, Inc., to review an award of the Industrial Commission awarding compensation to Goldie Moore Bollens. It is conceded that claimant received an injury to her head and back on November 28, 1925, while in the employ of petitioner. It is conceded that her injury was compensable under the Workmen's Compensation Act. Claimant did not file a claim for compensation until the latter part of February, 1931.

Petitioner pleads section 7301, C. O. S. 1921, in bar of claimant's claim. This section provides:

"The right to claim compensation under this act shall be forever barred unless within one year after the injury, a claim for compensation thereunder shall be filed with the Commission."

It is the contention of claimant that she did not file her claim for compensation at an earlier date because of fraud practiced upon her by petitioner's agent. The evidence discloses that immediately after her injury, claimant was treated by Dr. G. Pennick, petitioner's physician. Dr. Pennick filed his report before the Industrial Commission December 11, 1925, in which he stated that claimant's injury consisted of contusion of back and adbomen. On this report, petitioner paid claimant compensation at the rate of $12 a week for four weeks, or a total of $48. No other or further compensation was paid her. Claimant testified that shortly after her injury, Mr. Pope, petitioner's claim agent, prepared and presented to her a document for signature and told her that

it was an application to be filed before the Commission for compensation for her injury; that she signed the application and Mr. Pope told her he had filed it with the Commission; that, after petitioner discontinued payment of compensation, she called upon Mr. Pope several times and inquired relative to the status of her claim, that he advised her he would look after the matter and see that she got further compensation; that she relied upon him and made no further inquiry relative thereto. In the early part of 1931, she employed a lawyer, who brought this action for her.

On cross-examination, she testified as follows:

"Q. Now, Mrs. Bollens, when was it that he told you that he would try to get you some more money, about when was that? A. It was in the month of December. * * * Q. 1925? A. Yes, sir. Q. Then you knew in the month of December, 1925, that you were not going to get any more? A. I didn't. * * * Q. Did you get any in 1928, 1929, or 1930? A. No. Q. Up to this time have you not gotten a penny? A. No, sir. * * * Q. Well, why did you not do something the years you sat round and let this go so long, instead of waiting until up here in 1931? A. I knew that they were not going to pay me any more so I just let it go."

Claimant urges that the fraudulent conduct of petitioner's claim agent is sufficient to toll the statute. The Industrial Commission, on this issue, found:

"That claimant, Goldie Moore Bollens, within statutory time filled out and signed a form three, same being claimant's first notice to company of injury, and gave same to respondent's representative, one Mr. Pope, who promised claimant to mail same to the Commission, but failed and neglected to do so, and through the neglect and failure of the respondent's agent, Mr. Pope, the Commission failed to receive claimant's filled out and signed form three; therefore, the statute of limitations could not and did not run against this claimant until her actual knowledge of the failure to file said claim with the Commission which was in the early part of February, 1931. * * *"

We do not think the evidence is sufficient to sustain the finding of the Commission that claimant did not discover the fraud before the early part of 1931. The evidence discloses that the last conversation she had with petitioner's claim agent was in December, 1925; that she made no effort thereafter to recover further compensation until 1931, and, under her own testimony, she abandoned any hope of obtaining further compensation. To use her exact language, she said:

"I knew they were not going to pay me any more so I just let it go." She knew in the latter part of December, 1923, that petitioner's claim agent had abandoned any effort to obtain further compensation for her.

Without determining whether or not the Commission has jurisdiction to determine that the statute of limitations is tolled by fraud practiced by employer or its agent upon employee, we hold that the evidence in this case is not sufficient to toll the statute upon that ground.

The petition to vacate is granted and cause remanded, with directions to dismiss the claim.

LESTER, C. J., CLARK, V. C. J., and RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CULLISON, J., absent.

Note.—See under (1) annotation in L. R. A. 1916, 84; L. R. A. 1917D, 138; L. R. A. 1918E, 559; 28 R. C. L. 825; R. C. L. Perm. Supp. p. 6249; R. C. L. Pocket Part, title Workmen's Compensation, § 113.