## CONSOLIDATED GAS UTILITIES CO. et al. v. THOMASON et al.

No. 23908. Sept. 26, 1933.

Rehearing Denied Nov. 21, 1933.

Application for Leave to File Second Petition for Rehearing Denied Dec. 19, 1933.

J. Fred Swanson, R. B. McCabe, Owen & Looney, and Paul N. Lindsey, for petitioners.

Wilson & Wilson, J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty Gen., for respondents.

PER CURIAM. This petition for review was filed July 27, 1932, and seeks to set aside the award of the State Industrial Commission made on the 28th day of June, 1932, awarding the claimant, Charles E. Thomason, compensation for a period of eight weeks and medical expenses for a hernia operation, said compensation to be at the rate of $18 per week.

The order of the Commission found that C. E. Thomason was injured on the 15th day of January, 1931, while engaged in a hazardous employment subject to and covered by the Workmen's Compensation Act, and that on said date he sustained an accidental personal injury arising out of and in the course of his employment by straining himself and causing hernia in the left side.

In the third assignment of error in the petition, petitioner attacks, first, the competency of the evidence to support the order of the Commission, and in the other as-

signments complains that no notice of the injury was given, and that more than one year elapsed between the time of the injury and the application for the award, and therefore it is barred by the statute of limitation.

It is seriously contended in this case that there is no evidence to support the award. It is not necessary to review the testimony involved herein, but only to cite authorities of this court arising in a similar case. In the case of Republic Supply Co. v. Davis, 159 Okla. 21, 14 P. (2d) 222, this court, by Vice Chief Justice Cullison, laid down the rule in a case very similar to this, and the syllabus of that case is as follows:

"The question of the exact date of the occurrence of a hernia injury to the claimant is a question of fact to be determined by the Commission, and its finding in this regard will not be disturbed upon review by this court if there is any competent evidence in the record reasonably tending to support the same."

In this connection the record shows, not only that the claimant testified as to the date of the injury, but that the circumstances substantiating the recognition of the fact by the petitioners herein was competent evidence upon which the Commission might base its finding. Under the uncontroverted rule of the court regarding the findings of fact as above set out in the opinion by Vice Chief Justice Cullison, the award will not be disturbed.

The other two propositions are that no written notice of the injury was given to the petitioners as provided for by the statutes. In this connection the point is raised that there was no notice of the injury sufficient to comply with the law. As to this, the evidence shows that at the time of the first injury it is true that claimant stated that he had hurt himself but that he did not think it would matter much, and that this is not sufficient to give the employer actual notice that the claimant would seek compensation. But later it is shown that the claimant communicated with his employer and at his advice with the agent of the insurance carrier, and that when the agent was confronted with the proposition that the claimant was going to seek compensation, this agent, who was adjuster for the insurance company covering the risk, did not object that no proper notice was given or complain to the claimant that he had failed to give proper notice or state that he could not recover for that reason upon his claim. Instead the adjuster sought to avoid the action of the claimant by informing the claimant that if he would not file a claim he would be taken care of. Instead he sought to lull the claimant into inaction by offering to take care of him if he would not file his claim. It is probably upon this testimony that the Commission found that the employer was not prejudiced by failure to give notice. At least, the Commission did find that the failure to give the notice was not prejudicial to the employer.

Under the decision in the case of Galion Iron Works & Mfg. Co. v. State Ind. Com., 89 Okla. 27, 213 P. 842, and Dewar Coal Mining Co. v. State Ind. Com., 88 Okla. 24, 211 P. 76, we find that sufficient notice of the injury was given to the petitioners, and that they were not prejudiced by the failure to give the statutory notice.

The other matter is that the statute of limitation had run against the right of the claimant to file a claim for an award at all by virtue of the fact that more than one year has elapsed since the original injury and the filing of the award.

In the case of Pine v. Ind. Com., 148 Okla. 200, 298 P. 276, 78 A. L. R. 1287, it has been held by this court that the insurance carrier and the employer can waive the benefit of statute of limitation by acknowledgment of liability, and in this case the Industrial Commission made the finding of fact in an order that the respondent recognized the liability to claimant by paying his compensation until September, 1929, and by paying wages in lieu of compensation until shortly before the filing of the claim, and that by assuring claimant that there was no necessity to file claim respondent's liability would be recognized.

Not only is this finding in the record of the proceedings of the Commission, but it is supported by the record in the case itself. There being no other errors, the award is affirmed.