## GREIFFENSTEIN v. STATE INDUSTRIAL COMMISSION et al.

No. 24472. Oct. 17, 1933.

Rehearing Denied Nov. 14, 1933.

F. B. Dillard, for petitioner.

Bower Broaddus, for respondents.

SWINDALL, J, This is an original proceeding to review an award of the State Industrial Commission. For convenience we will hereafter refer to the respondent Ollie Bailey as the claimant, and to W. T. Greiffenstein, doing business as the Tulsa Shirt Company, as the employer, to the State Industrial Commission as the Commission, and to the Southern Surety Company as the insurance carrier.

The record in this case discloses that on and prior to May 2, 1931, the claimant was employed by the employer to operate a power-driven sewing machine in the shirt factory of the employer located in the city of Tulsa, Okla.; that the employment came under the terms and provisions of the Workmen's Compensation Law; and that on the 2nd day of May, 1931, she received an accidental personal injury by sticking a splinter in her right hand while she was operating one of the power sewing machines in said shirt factory. An employer's first notice of injury was prepared by an agent of the insurance carrier upon information received from Hazel Chisler, now Drew, who was employed in the same shirt factory and worked a portion of the time in the sewing machine department and a part of the time in the office. On the date the employer's first notice of injury was prepared and signed "The Tulsa Shirt Factory, by Hazel Chisler", the employer was absent from Tulsa, Okla., but later returned to the city of Tulsa and was informed by Miss Chisler that she had signed the notice prepared by a representative of the insurance carrier and delivered the same to said agent, and he admits he knew the claimant was in a hospital in Tulsa, Okla., receiving treatment for an injury resulting from the injury described in the notice, and that his insurance carrier was paying her compensation. This notice is dated May 7, 1931, and was received by and filed with the Commission on May 9, 1931. On May 23, 1931, the insurance carrier filed report of initial payment with the Commission notifying the Commission that compensation was started on May 7, 1931, and giving the amount of the first payment. The insurance carrier continued to pay compensation thereafter until it became insolvent in March, 1932, after which no compensation was paid. The record shows that as a result of the accidental injury the right hand of the claimant became infected and she was confined in a hospital several months, and that in addition to total temporary disability the injury resulted in metastatic arthritis of the left knee arising from infection of the right hand and a 50 per cent. permanent partial disability of the lower left limb. No claim for compensation was ever filed. On June 22, 1932, the Commission caused notice of hearing to be served on the Tulsa Shirt Company of a hearing set for 9:00 a. m. on July 13, 1932, at Tulsa, Okla. On that date the employer filed a motion requesting the Commission to disallow the claim for compensation by the claimant for the following reasons: (1) The injury complained of, if any, was not connected with or incident to any of the industries mentioned in section 7284, C. O. S. 1921, as amended [O. S. 1931, sec. 13349], and did not arise out of, or in the course of the employment of claimant by respondent; (2) the compensation heretofore allowed the claimant, and paid by the carrier, was induced by the fraudulent statements of the claimant, of which respondent was ignorant until sometime during the month of April, 1932; (3) the injury complained of, if any, did not arise from any cause contemplated by the statutes of the state of Oklahoma, or covered thereby, or within the purview thereof; (4) the compensation already paid the claimant is full and complete compensation for the injury complained of, if any, and for any results which can be attributed to such injury. This motion appears to have been treated as an answer to the notice of the Commission to the employer of a hearing requested by the claimant to determine liability against the employer after the insurance carrier had ceased making voluntary payments of compensation. The employer did not object to the Commission proceeding with the hearing without a claim for compensation having been filed, but, on the contrary, the record shows that on the date set for hearing the claimant appeared in person, and by her attorneys, Broaddus & Fite, the employer appeared by F. B. Dillard, and insurance carrier, being insolvent, was not represented, and all the parties announced ready for trial, and thereupon the evidence found in the record was taken. After hearing evidence at different places, the Commission, on the 1st day of February, 1933, found:

"1. That on May 2, 1931, claimant, Ollie Bailey, was in the employment of the respondent, Tulsa Shirt Company, and engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law; that in the course of and arising out of his employment, said claimant sustained an accidental personal injury on

said date, the nature of said injury being to the right hand from a splinter which became infected, causing metastatic arthritis of the left knee.

"2. That claimant was furnished medical treatment, and paid compensation at the rate of $9.61 per week to March 2, 1932; that claimant was temporarily totally disabled to June 1, 1932, by reason of said injury.

"3. That in addition to claimant's temporary total disability, she has suffered 50 per cent. personal partial disability to the right leg by reason of said injury.

"4. That the average daily wage of claimant at the time of said injury was $2.50"
—and made an award in accordance with said facts as found by it. There is a mistake in the third paragraph of the findings of fact. It should be partial disability to the left leg instead of the right leg.

The cause is presented to us for review upon the following propositions: (1) That there was no notice of injury given to the employer within the time required by law; (2) that the claim for compensation against the Tulsa Shirt Company is barred by the statute of limitations, section 13367, O. S. 1931, section 7301, C. O. S. 1921, providing that the right to claim compensation under this act shall be forever barred unless a claim shall be filed within one year after the injury; (3) that the injury complained of did not arise out of or in the course of the employment of claimant by employer; and (4) that there is no competent evidence to sustain the award.

We have carefully examined the record, and are of the opinion that the first contention is not well taken, for the reason that the employer knew that the employer's first notice of injury was signed by Miss Chisler and delivered to the insurance carrier, and that the insurance carrier was paying compensation and was furnishing necessary hospitalization, and everything seemed to be satisfactory to the employer until the insurance carrier became insolvent and he was called upon to pay compensation. It is a well-settled rule of law in this court that failure to give notice of an injury by an employee to the Commission and to the employer must be called to the attention of the Commission and made an issue before the Commission and determined by that body, or it must fail or refuse to determine that issue after the same is presented, before this court will consider the same on petition for review where the claim for compensation or the facts disclose that the employment comes under the Workmen's Compensation Law, and where an employer has knowledge that his insurance carrier is voluntarily paying an injured employee compensation under the terms of a policy issued to him by the insurance carrier and he acquiesces in the action of the insurance carrier and does not complain until after the insurance carrier becomes insolvent, it is then too late for him to complain. Steffens Ice Cream Co. v. Jarvis, 132 Okla. 300, 270 P. 1103. Where the employment comes under the Workmen's Compensation Law, it shall be presumed, in the absence of substantial evidence to the contrary: (1) That the claim comes within the provisions of the act, and (2) that sufficient notice thereof was given. (Section 7295, C. O. S. 1921.)

Relative to the proposition that a claim for compensation was not filed within one year, we are of the opinion, and hold, that an employer and insurance carrier may waive the requirements of section 7301, C. O. S. 1921, that a claim for compensation under the Workmen's Compensation Law be filed with the Commission within one year after the injury, and that, under the facts and circumstances disclosed by the evidence in this case, the employer and insurance carrier waived the filing of a claim. Johnson v. Miller, 161 Okla. 31, 16 P. (2d) 1083.

Upon the third and fourth propositions, there is competent evidence to sustain the finding of the State Industrial Commission. The Commission is a fact-finding body, and this court on review is not authorized to disturb its findings where there is any competent evidence to sustain the same.

Finding no material error in the findings and award of the State Industrial Commission, the same is affirmed.

RILEY, C. J., CULLISON, V. C. J., and McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. ANDREWS and BUSBY, JJ., absent.