SINCLAIR PRAIRIE OIL CO. v. NEWPORT et al.

No. 31846. June 12, 1945.

*159 P. 2d 726.*

---

Edward H. Chandler, of Tulsa, and Clayton B. Pierce, of Oklahoma City, for petitioner.

Frank Seay and Dick Bell, both of Seminole, for respondents.

BAYLESS, J. Clyde C. Newport filed a claim for compensation before the State Industrial Commission against Sinclair Prairie Oil Company, his employer, and the employer has brought this proceeding in this court to review the award in favor of the employee.

Newport was employed by Sinclair and claims that in the early part of 1928 he received an accidental personal injury, arising out of and in the course of his employment, in the nature of a severe injury to his back. He filed his claim with the State Industrial Commission April 22, 1943. While Sinclair denies that the man received such an injury, the primary issue presented to us is whether the claim was barred by the one-year statute of limitations, 85 O.S. 1941 § 43.

Newport's testimony is that at the time he sustained this injury he was residing with his brother, who was district superintendent for Sinclair, and that he was off from work several weeks and received medical treatment, and that the accidental injury was known to his immediate foreman and to his brother. This is contradicted by both these men. His testimony is further that when he felt able to return to work and did do so, he discussed the matter of filing his claim for compensation with his brother and that his brother said to him, in substance, that it would be better for both of them if no claim was filed, and that the company would give the injured employee a lifetime job at duties he could perform, in consideration of his not filing a claim. His brother contradicts this. In any event Newport returned to work for Sinclair and worked for that company at full wages until June 15, 1942. It is undisputed that during all these years he did not perform the laborious duties that he performed up to the time of the claimed injury, but that his work consisted of various types of light work in caring for offices and warehouses and things of that kind. It is undisputed that during all of this time he was suffering from a physical disability and received medical attention therefor, including a trip to Mayo's Hospital in Rochester, Minn., and, despite medical care, his condition became progressively worse. June 15, 1942, his condition was such that the company relieved him of what duties he was then performing and thereafter carried him on what is called the "company sick and gratuity plan" until he filed his claim in April, 1943.

It is Sinclair's contention that the claim is barred by the statute of limitations, supra, and it is Newport's contention that the statute was tolled, (1) because the company did not report the injury; (2) because he was paid remuneration in lieu of compensation within one year of the filing of the claim; and (3) he was lulled into a sense of security by the promise of lifetime employment and by reason thereof did not file his claim until this agreement had been breached.

The theory that the statute might have been tolled by reason of the failure of the employer to file a report of the injury has been expressly rejected by this court in McClanahan v. Oklahoma Railway Co., 131 Okla. 73, 267 P. 657, and followed in later cases.

The contention that the company paid him remuneration in lieu of compensation he would have received had he filed

his claim with the State Industrial Commission and succeeded in having it allowed, cannot be sustained by this record under the test stated by this court in Sinclair v. Stevens, 194 Okla. 109, 148 P. 2d 176. We said in that case that it is the real purpose for which such payments are made that governs, and that such purpose should be proven by showing knowledge, actual or imputed, and the intent, proven or inferable. If it be assumed in keeping with the commission's finding that Sinclair had knowledge of the injury, through its superintendent or foreman, there still leaves the matter of intent in making the payments. There is no proof of intent, and the inferences to be drawn are to the contrary when the facts are considered. First, there is the inference permissible that wages and the gratuity were payable under the asserted agreement for lifetime employment. Such contracts are always formed upon the intent and purpose to guarantee the injured employee a wage, irrespective of the type of work done, for life. Second, when Newport received these gratuity payments he expressly represented to Sinclair in writing that his right to receive such payments arose "by reason of personal illness and that my absence from duty has not been occasioned by any injury received in the course of my employment." It does not seem credible to say that Newport was representing he was receiving these payments for one reason and to infer therefrom that Sinclair intended, not for that reason and not as payment on its contract, but for an entirely different reason, to enable Newport to establish a right to file a claim which Sinclair doubted and, if it had ever existed, had long since been barred by the statute, supra.

The third ground is no basis for lulling into a sense of security. It differs from Ladd v. Hudson, 143 Okla. 174, 288 P. 331, where the employer was found guilty of misrepresenting its liability and inducing the injured employee to futilely pursue another; and Wilson & Co. v. Bollens, 155 Okla. 36, 8 P. 2d 1, where the employer promised

to report the injury for the employee but did not. Here the employee says he deliberately refrained from filing his claim in reliance on the agreement to furnish him lifetime employment, and says, in effect, that he gave up the right to claim the benefits of the Workmen's Compensation Law, 85 O.S. 1941 § 1 et seq., in return for the promised right to earn wages with this employer for life. It is similar to Oklahoma Portland Cement Co. v. Pollock, 181 Okla. 266, 73 P. 2d 427. In that case it was expressly held that (1) such agreements were legal; (2) that the commission had no jurisdiction of the enforcement thereof, and (3) that the courts could entertain jurisdiction of actions for damages for the breach thereof.

The award is vacated and the matter is remanded, with directions to dismiss the claim.

GIBSON, C.J., HURST, V.C.J., and OSBORN, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur. RILEY, J., dissents.