**LOGAN COUNTY et al. v. YORK et al.**

No. 36089.

Supreme Court of Oklahoma.

April 20, 1954.

Rehearing Denied May 25, 1954.

Mont R. Powell, William R. Saied, Sam Hill, Oklahoma City, for petitioners.

Murphy & Booth, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Vice Chief Justice.

This is an appeal from an order of the State Industrial Commission, allowing respondent's claim for compensation against Logan County and its insurance carrier, State Insurance Fund, petitioners herein. Petitioners deny liability on the ground that respondent's claim was barred by the Statute of Limitations, 85 O.S.1951 § 43.

The material facts are that claimant in this case had an accident. His employer, Logan County, Oklahoma, had actual knowledge of this accident within thirty days after its occurrence. No written notice was given within thirty days and the commission excused this factor because of lack of prejudice by reason of the employer's actual knowledge. Error is not predicated on this action of the Commission.

The accident occurred on September 15, 1950. Claimant was off duty as a result of the injury three days. The payment of his salary was not interrupted. He worked after the occurrence until October 31, 1951, when he quit on account of pain from the injury and never returned to his job. He continued to receive his salary until April 20, 1952. He filed his claim within a year from the cessation of payment of his salary but more than a year from the date of the accident. On this showing the Commission found that payment of his salary was in lieu of compensation.

Though the one-year statute of limitations, 85 O.S.1951 § 43, supra, provided in the Workmen's Compensation Act is somewhat peculiar in its wording, we have held that it is a true statute of limitations and can be tolled or can be waived. Consolidated Gas Utilities Co. v. Thomason, 167 Okl. 81, 26 P.2d 923; Greiffenstein v. State Industrial Commission, 166 Okl. 27, 26 P.2d 747.

The County defended on the ground that the salary was paid in accordance with its custom and not in lieu of compensation; that it never recognized the claim as a claim under the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq. The testimony is not positive that the salary was paid in lieu of compensation but from an examination of all the evidence we think the inference drawn from the positive testimony in the case by the Commission that the salary was so paid was a reasonable one. A reasonable inference drawn from positive testimony is evidence. Haddock v. Sticelber, 65 Okl. 254, 165 P. 1138, which is cited in Maryland Casualty Co. v. Ballard, 126 Okl. 270, 259 P. 528, 530, and followed in Younkman v. Smith, 130 Okl. 210, 266 P. 441, and though positively contraried by testimony of the opposing party may stand.

This is particularly true since we have held that the statute of limitations applicable here may be waived or tolled, we do not have a jurisdictional question and the evidence relating to the question of whether the statute was tolled or waived being on a non-jurisdictional question the finding of the Commission that the salary paid to claimant was paid in lieu of compensation will not be disturbed where, as above indicated, it is based on testimony reasonably tending to show such fact, or reasonable inferences to that effect, reasonably inferable therefrom. Sinclair Prairie Oil Co. v. Stevens, 194 Okl. 109, 148 P.2d 176; Id., 202 Okl. 181, 211 P.2d 286; and conversely, had the commission found that the evidence was insufficient to show that payment of wages was in lieu of compensation such order could have been sustained. Adams v. City of Anadarko, 202 Okl. 72, 210 P.2d 151. Sinclair Prairie Oil Co. v. Newport, 195 Okl. 521, 159 P.2d 726, 728, cited by petitioners, is to the same effect, but distinguishable from the case at bar in that therein the claimant represented in writing that his right to receive such payments arose " 'by reason of personal illness and that my absence from duty has not been occasioned by any injury received in the course of my employment' ", thus destroying the possibility of favorable inferences that payment of wages was made in lieu of compensation and on that state of facts we reversed the Commission's finding that the payments were made in lieu of compensation.

For the reasons stated, the order is sustained.

CORN, DAVISON, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.

HALLEY, C. J., and WELCH and O'NEAL, JJ., dissents.