NATIONAL CARLOADING CORPORATION
and Fidelity and Casualty Company
of New York, Petitioners,

v.

Mary Ann SHARPE and the State Indus-
trial Commission of the State of
Oklahoma, Respondents.

No. 37904.

Supreme Court of Oklahoma.

July 2, 1958.

Fenton & Fenton, Oklahoma City, for petitioners.

A. R. Daugherty, Looney, Watts, Looney & Nichols, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Justice.

On the 13th day of December, 1956, Mary Ann Sharpe, hereinafter called claimant, filed her first notice of injury and claim for compensation stating that while employed by National Carloading Corporation she sustained an accidental injury arising out of and in the course of her employment on May 29, 1955. The trial judge entered an award on May 24, 1957, which was affirmed by the Commission en banc and this proceeding is brought by the employer and its insurance carrier, Fidelity and Casualty Company of New York, to review the award. The award is in part as follows:

"That claimant sustained an accidental personal injury, arising out of and in the course of her hazardous employment with the above named respondent, on May 28 or May 29, 1955, consisting of an injury to her back.

"That claimant reported said accident to respondent within the 30 days required and respondent was not prejudiced by failure to give the 30-day written notice, wherefore, same is excused.

"That respondent induced claimant to accept benefits under a policy of insurance described as Railroad Re-

tirement Board Benefits, which payments were in lieu of temporary total benefits as provided by the Workmen's Compensation Law, and which payment continued to January 2, 1956; wherefore, any defense set out by respondent on the grounds that the Statute of Limitations had run before the filing of the claimant's Form 3, has been absolved by such payment, and the Statute of Limitations has been tolled.

"That at the time of claimant's accidental personal injury of May 28 or May 29, 1955, her wages were sufficient to fix her rate of compensation at $28.00 per week.

"That all compensation due claimant for temporary total disability has been paid to January 2, 1956, but that claimant was temporarily totally disabled, by reason of said accidental personal injury, to January 8, 1957; and therefore claimant is entitled to compensation for temporary total disability for 52 weeks, in addition to compensation previously paid, in the amount of $1456.00; and that claimant's temporary total disability ended January 8, 1957.

"That as a further result of said accidental personal injury, claimant has sustained 35 per cent permanent partial disability to the body as a whole, for which she is entitled to compensation for 175 weeks at $28.00 per week or the total amount of $4900.00, of which $532.00 has accrued to May 21, 1957, and shall be paid in a lump sum, balance of award to be paid to claimant at the rate of $28.00 per week, from May 21, 1957."

Claimant testified that on May 29, 1955, she was lifting filing boxes weighing between thirty and forty pounds. On several occasions the lifting of these boxes hurt her back. She said the last day she worked was on Saturday, May 29, 1955, (sic) and she hurt her back lifting filing cases. Although she had talked to her foreman about the hurting from lifting boxes on previous occasions, she did not tell anyone

about this instance. The pain was severe from lifting the boxes the last time. She quit work that noon. She suffered pain that night. The next day she went to the park and the pain became so intense that her husband took her home. She went to see her doctor who gave her some medicine. She returned to the premises of her employer some four weeks or more later and talked with her immediate superior, W. D. Cadell, who advised her she had six days sick leave and two weeks vacation pay. She was paid for this time at her regular salary. In July of 1955, she filled out some blanks obtained by her husband after a conversation with Cadell and drew bi-weekly payments for six months from the Railroad Retirement Board. The last payment extended to and included January 2, 1956.

Petitioner argues the claim is barred by 85 O.S.1951 § 43, for the reason that it was not filed within one year after the accidental injury or any payment made in lieu of compensation.

In Roe v. Jones & Spicer, Inc., 196 Okl. 582, 167 P.2d 70, 71, it is stated:

"We have held that where an employer has not paid wages in lieu of compensation and has not furnished medical care or attention to an employee for an alleged injury so as to amount to a conscious recognition of liability and the employee has failed for more than one year to file notice of injury and claim for compensation, any claim for compensation thereafter made for such injury is barred by 85 O.S.1941 § 43. * * *"

In Cupit v. Dancu Chemical Co., Okl., 316 P.2d 593, 595, we considered whether certain payments by the employer to the employee were in lieu of compensation. In holding that they were not, it is stated:

"In addition to the foregoing there is another reason for concluding that such advances did not toll the Statute. The purpose of the tolling provision is to prevent an employer from lulling a claimant into a false sense of security by apparently acknowledging the

validity of his claim, paying remuneration in lieu of compensation, and then invoking the statute after the lapse of one year. The intent with which such payments are made and received is of particular importance in determining whether they are in lieu of compensation. This principle is pointed out in Sinclair Prairie Oil Co. v. Stevens, 194 Okl. 109, 148 P.2d 176, and again in Sinclair Prairie Oil Co. v. Newport, 195 Okl. 521, 159 P.2d 726, 728. * * *"

■ In Sinclair Prairie Oil Co. v. Newport, supra, it is stated:

"Payments made by an employer to an employee do not excuse delay in filing a claim for compensation before the State Industrial Commission, unless such payments were compensation for disability due to accidental personal injury or remuneration in lieu of such compensation."

■ It will be noticed that the State Industrial Commission found specifically that the employer induced the claimant to believe that these payments made by the Railroad Retirement Fund were in lieu of compensation. The evidence is vague as to the discussion between claimant and Cadell after she returned to the premises (which was after she had received her payments for sick leave and for vacation) with relation to her right to obtain funds from the Railroad Retirement Board. Claimant states she did not mention the last accidental injury to him until after she quit work and saw her doctor. She says she told Cadell she hurt her back and he suggested the probability that she had hurt her back lifting files. Her husband states that Cadell and he discussed the condition of claimant and Cadell suggested that the husband obtain the forms necessary for the application for the funds from the Railroad Retirement Fund. We fail to find competent evidence reasonably tending to support the finding that there was any inducement which lulled claimant into believing that in receiving the pay-

ments from the Railroad Retirement Board she was being paid in lieu of compensation. There is no competent evidence that any of the payments made from the Railroad Retirement Fund were in lieu of compensation and since the claim was not filed within one year after any prior payments it is barred by 85 O.S.1951 § 43.

This finding renders unnecessary a consideration of other propositions presented by petitioners.

The cause is remanded with directions to vacate the award for the claimant and to dismiss the claim.

WELCH, C. J., and DAVISON, HALLEY, JOHNSON and BLACKBIRD, JJ., concur.

CORN, V. C. J., dissents.