Joe STEWART, doing business as Joe Stewart Trucking Company, Petitioner,

v.

Ralph Eugene BARR and the State Industrial Court, Respondents.

No. 43734.

Supreme Court of Oklahoma.

June 9, 1970.

Joe K. Page, Poteau, for petitioner.

A. G. Crowe, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

McINERNEY, Justice.

Claimant asserts in his amended Form 3 that he was employed by respondent as a truck driver when the truck overturned causing him to sustain injuries to his back and neck.

The State Industrial Court awarded the claimant ten per cent permanent partial disability to the body as a whole or fifty weeks compensation amounting to $2,125.00.

In the petition for review petitioner, claimant's employer, presents a single contention:

"There was no notice of injury as is required by 85 O.S.A. Section 24."

Petitioner did not file an answer in the State Industrial Court. No contention was was raised in the trial proceeding placing the issue of notice before the State Industrial Court.

The court held in R. S. Smith Construction Co. v. Swindell, 185 Okl. 35, 89 P.2d 947, 948 (1939):

"Petitioners allege that they had no notice of an injury to the back. The issue of notice was never raised by the petitioners before the State Industrial Commission, therefore it is not necessary to determine whether the statutory written notice required by section 13358, O.S.1931, 85 Okl.St.Ann. § 24, had been given. Neither was it necessary under such circumstances for the State Industrial Commission to make a finding excusing the giving of statutory notice,"

citing Anderson & Prichard v. Pyle, 159 Okl. 188, 14 P.2d 938 (1932); Protho v. Nette, 173 Okl. 114, 46 P.2d 942 (1935). See also Greiffenstein v. State Industrial Commission, 166 Okl. 27, 26 P.2d 747 (1933). The rule pronounced in R. S. Smith Construction Co., supra, is cited with approval in Santa Fe Trailways Transportation Co. v. Marshall, Okl., 391 P.2d 784 (1964) on page 785.

Since the contention now sought to be reviewed was not presented to the State

Industrial Court, or made an issue before that body, there is no question to be determined by the Supreme Court regarding the sufficiency or insufficiency of notice.

Award sustained.

All the Justices concur.