ANDERSON & PRICHARD et al. v. PYLE
et al.

No. 23132. Opinion Filed Oct. 4, 1932.

Clayton B. Pierce and Fred M. Mock, for petitioners.

Cooke & Jackson, A. L. Jeffrey, and J. Berry King, Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding in this court by the petitioners to review an award of the State Industrial Commission in favor of the claimant therein.

The claimant received an accidental personal injury which resulted in hernia and other injuries. The petitioners furnished the claimant an operation for hernia and paid him compensation at the rate of $18 per week. They offered him an additional $18 for the eighth week on the condition that he would sign a receipt and release on what is known as form 7.

The insurance carrier filed its report of initial payment of compensation and that was the only pleading filed in the case by either of the petitioners. An award was made in favor of the claimant for temporary total disability, which was based upon injuries other than hernia.

The petitioners contend that the State Industrial Commission committed error in permitting expert testimony to be introduced over their objection and exception. They base that contention upon the decision of this court in the case of Patrick & Tillman v. Matkin, 154 Okla. 232, 7 P. (2d) 414, wherein this court held:

"The evidence of an expert is proper, if not essential, in explanation or interpretation of X-ray photographs when properly identified and offered in evidence, but it is error to permit an expert to testify over proper objections as to what is shown by an X-ray photograph which is neither produced for inspection nor offered in evidence."

In that case it was shown that the physician undertook to testify that the X-ray showed a certain fracture and that counsel for respondents objected to the evidence unless the X-ray photograph be produced in evidence. The X-ray photograph not being present and then available, it was not introduced, but the physician was permitted by the court to testify as to what the X-ray photograph showed. Counsel for respondents then moved to strike all of the evidence of the physician on that point, but the motion was overruled. It was held that such procedure violated the "best evidence rule," and that the opposing party was entitled to have the best evidence submitted for his examination and interpretation, or to have secondary evidence excluded, if objection be properly made.

Secondary evidence and even hearsay evidence is admissible and competent if offered without the objection of the opposing party. The record here does not disclose that any objection was made to the testimony of Dr. Shaw with reference to what the X-ray photograph revealed on the ground that it was not the best evidence available, or on the ground that the X-ray photographs were

not offered in evidence. In response to a question asked, Dr. Shaw stated that his conclusion was based, in part, upon the history of the case, which had been related by the claimant, and in part upon the physical findings and the X-ray examination. The witness was then asked by opposing counsel if he had the X-rays with him, and he responded that he had them. Counsel then objected to the witness stating his conclusions for the reason that they were based upon a hypothesis and not the facts as shown by the evidence in the case. The objection was overruled and the witness was allowed to read his conclusions. Counsel for respondents then moved to strike from the testimony of the witness his conclusions for the reason that they were not based upon evidence offered in the case. Upon inquiry by the court as to whether there was anything different in that case from what they had been doing all the time, the attorney for the claimant said, "I have been unable to see anything different. I have just been trying to get what he is driving at." Then the attorney for the respondents said, "Well, the doctor has based his conclusions on history not given in evidence here." The motion was overruled by the court. No objection was made to the fact that the X-ray photograph had not been introduced, nor was there any request to have the same introduced. The witness had the X-ray photograph, and it could have been introduced had a request or even a suggestion thereof been made. The Commissioner and the opposing counsel both advised counsel for the respondents that they did not understand what his objections were, and his only explanation was that the doctor had based his conclusions on history not given in evidence. The X-ray photographs of the claimant were not history. It was the duty of counsel to make his objection clear, and if the objection was based upon the fact that the X-ray photograph had not been formally introduced, counsel should have said so then. The case of Patrick & Tillman v. Matkin, supra, is not in point.

The petitioners contend that the State Industrial Commission erred in allowing compensation for an injury to the back, hips and shoulders of the claimant when the evidence showed that the only injury of which he ever complained or gave notice to the petitioners before the date of hearing was a hernia injury. The petitioners contend that they had no notice of any injury other than hernia and that because the claimant gave no notice to his employer or to the attending physician of an injury to his back or shoulders within 30 days from the date of the injury, the petitioners have been irreparably prejudiced.

The failure, if any, to give notice of the extent of the injuries was not made an issue either by the pleadings or at the hearing, and the testimony as to the extent of the injuries was received without objection based upon the ground of failure to give notice thereof. Section 7295, C. O. S. 1921 [O. S. 1931, sec. 13361] provides, in part, as follows:

"In any proceeding for the enforcement of a claim for compensation under this act, it shall be presumed in the absence of substantial evidence to the contrary: * * * 2. That sufficient notice thereof was given."

In Graver Corporation v. State Industrial Commission, 114 Okla. 140, 244 P. 438, it was contended that no notice was filed with the State Industrial Commission or given to the employer within the statutory time required by law. In that case, as in the instant case, no answer was filed by the respondent. This court, in discussing the question of notice to the employer, said:

"No answer, however, was filed alleging this as a defense, nor was any evidence introduced tending to show that due and proper notice was not served upon the respondents by the claimant within 30 days. Therefore, we would be justified, under section 7295, supra, in presuming that due notice was served upon the respondents and the Commission. * * *"

Such an objection may not be made for the first time in this court. Dewar Coal Mining Co. v. State Industrial Commission, 88 Okla. 24, 211 P. 76. Since no issue was made by the pleadings or at the hearing as to the failure to give notice, it was not necessary for the State Industrial Commission to make any finding on the question of failure to give notice. Galion Iron Works & Mfg. Co. v. State Industrial Commission, 89 Okla. 27, 213 P. 842.

The petition to vacate the award is denied.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. HEFNER, J., absent.

Note.—See under (1) 10 R. C. L. 1157; R. C. L. Perm. Supp. p. 2838. (2) annotation in L. R. A. 1916A, 85; L. R. A. 1917D, 138; L. R. A. 1918E, 561, 78 A. L. R. 1232; 28 R. C. L. 825, 826; R. C. L. Perm Supp. p. 6250; R. C. L. Pocket Part, title "Workmen's

Compensation," § 113. (4) annotation in L. R. A. 1918E, 562.