## SOUTHWESTERN COTTON OIL CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 24787.    Feb. 6, 1934.

Abernathy & Howell, for petitioner.

Murrah & Bohanon and J. I. Gibson, for respondent.

BUSBY, J. This is an original action instituted in this court in which the petitioner, Southwestern Cotton Oil Company, seeks to vacate an order and award of the State Industrial Commission made and entered on May 22, 1933, in favor of the respondent, Ray Hall (claimant before the

Commission). The parties will be referred to in this opinion as claimant and petitioner, respectively.

On December 21, 1923, the claimant was employed by the respondent as a laborer in a hazardous employment, and on that date sustained an accidental personal injury, arising out of and in the course of his employment. The claimant was given surgical treatment for an injury to his hand and was paid compensation for temporary total disability for 33 weeks, amounting to the sum of $285.45; then on or about the 1st of November, 1924, the claimant was paid the sum of $320.50 for permanent partial disability to the injured hand, which agreement was evidenced by a form No. 14, filed with the Commission, signed by the claimant and the respondent or its insurance carrier, making a total of $605.50 paid to claimant. This settlement was approved by an order of the Commission made on November 1, 1924. On February 28, 1933, the claimant filed his motion to reopen and award further compensation on change of condition. Pursuant to that motion a hearing was held on April 27, 1933, and as a result of said hearing the Commission made an order awarding $432.50 additional compensation.

An important portion of claimant's case consisted of the medical testimony of one Dr. T. A. Buchanan. According to the testimony of this witness, when the claimant appeared for examination he immediately concluded after a preliminary examination that in order to determine the nature and extent of claimant's injury an X-ray would be essential. Accordingly the witness directed claimant to go to one Dr. Phil White. The witness was not in the room when the X-ray was taken, but testified he came in immediately thereafter. Dr. Phil White did not appear as a witness to identify the X-ray. The X-rays were not offered in evidence. On the contrary, when it was suggested that they should be introduced, counsel for claimant stated: "I do not have to introduce them in evidence." Dr. Buchanan, as a witness, was not in position to identify the X-ray he examined. The testimony which he gave concerning claimant's condition was based in part upon his examination of this X-ray picture.

Here we have a situation in which a doctor, one of the principal witnesses, says, in effect:

"I examined the claimant, but was unable to determine his condition without the aid of an X-ray. I later examined an X-ray picture which I believed to have been taken of the claimant. Basing my conclusion in part upon that X-ray picture I am now able to state the condition of claimant."

Obviously the value of such testimony depends entirely upon whether the X-ray was authentic. This was not shown. The petitioner objected to this testimony and its objections overruled. The objection should have been sustained.

In the case of Bartlesville Zinc Co. v. Fisher, 60 Okla. 139, 159 P. 476, this court said in the syllabus:

"Before X-ray plates are admissible in evidence, they must be identified and their accuracy established."

In the body of the opinion in that case, it was said:

"The evidence afforded to identify the X-ray plates was given by Dr. Mortimer A. Houser, who testified that from an examination of the plaintiff, based upon symptoms related to him, he was unable to find the cause of the plaintiff's trouble; that he sent the patient to Dr. Butler to have an X-ray plate made; that he was not present when Dr. Butler made the plates. * * *

"The witness further testified that his evidence, relative to the plaintiff's injuries, was based upon the information divulged by these plates. Dr. Butler, the expert who made the plates, did not testify, nor did any one who was present at the time the plates were made. The plates were not admissible in evidence. * * *

"The admission of X-ray plates in evidence rests fundamentally on the theory that they are the pictorial communication of a qualified witness who uses this method of conveying to the jury a reproduction of the object of which he is testifying; this being true, the X-ray plates must be made a part of some qualified witness' testimony and the witness should qualify himself by showing that the process is known to himself to give correct representations and that it is a true representation of such object."

The problem in that case was whether the X-rays were admissible without proper identification. The question in this case is whether medical testimony based upon an X-ray is admissible in the absence of a showing that the X-ray was authentic. The principle involved is the same. In both cases the fact-finding body acted and decided the rights of the parties upon information that had no standing as evidence, and which should not have been considered as such.

At the request of this court, supplemental

briefs have been filed by the parties upon the point under discussion. In his supplemental brief the claimant concedes that medical testimony based upon an X-ray is without value unless the authenticity of the X-ray is established, but urges that there is other testimony in the record sufficient to support the award. In effect, the petitioner urges that the fact that the Commission considered incompetent evidence determining the rights of the parties in this case, should be disregarded and treated as "harmless error."

An examination of the original brief of claimant discloses that claimant himself considered the testimony of Dr. Buchanan of primary importance for the purpose of supporting the award. Four pages of that brief are devoted exclusively to quotations from the testimony of that witness, part of which consisted of conclusions reached by the witness based upon the unauthenticated X-ray.

The importance attached to this testimony in the brief previously filed by claimant's counsel negatives the idea that its consideration by the Commission presents a proper situation for an application of the "harmless error doctrine." It is apparent in this case that the incompetent testimony was considered in entering the order and award.

Claimants and employers alike should be required to support their respective claims by competent proof in proceedings before the State Industrial Commission in order that just and proper decisions may be rendered. The approval of the evidence exemplified by this case would open wide the doors of fraud.

By reason of the incompetent evidence admitted, the award of the Commission is vacated, with directions to determine the rights of the parties to this proceeding in a manner not inconsistent with the views herein expressed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and OSBORN, JJ., concur.