**RIGDON & BRUEN OIL COMPANY, and Consolidated Underwriters Insurance Company, Petitioners,**

**v.**

**Lonia F. BEERMAN (In the Matter of the Death of Lee E. Beerman) and the State Industrial Commission, Respondents.**

**No. 37823.**

Supreme Court of Oklahoma.

Nov. 19, 1957.

Covington, Donovan & Gibbon, Tulsa, for petitioners.

A. D. Mason, James Wm. Brown, Tulsa, and Arthur Meyers, Nowata, Mac Q. Williamson, Atty. Gen., for respondents.

CARLILE, Justice.

On May 4, 1956 Lee E. Beerman, while in the employ of Rigdon & Bruen Oil Company, died as the result of a heart attack.

On December 5, 1956 Lonia F. Beerman, surviving spouse of the deceased, claiming to be his sole dependent heir, filed a claim for compensation under the Death Benefit provision of the Workmen's Compensation Law against Rigdon and Bruen Oil Company, employer of deceased, and its insurance carrier, Consolidated Underwriters Insurance Company, petitioners herein, in which she states that on May 4, 1956 Lee E. Beerman, her husband, while in the employ of petitioner, Rigdon & Bruen Oil Company, sustained an accidental injury resulting in his death; that the injury occurred as the result of a strain or overexertion while engaged in placing a large power belt on a central power unit.

Petitioners, in defense of claimant's claim for compensation, in their answer deny that Lee E. Beerman while in the employ of Rigdon & Bruen Oil Company sustained an accidental injury resulting in his death,

and in their supplemental answer alleged that they were not given written notice of deceased's injury resulting in his death, as provided by 85 O.S.1951 § 24, and that they were prejudiced thereby.

The trial judge at the close of the evidence found that Lee E. Beerman was in the employ of respondent, engaged in a hazardous occupation within the meaning of the Workmen's Compensation Law on May 4, 1956, on which date he sustained an accidental injury arising out of and in the course of his employment and resulting in death on said date; that the sole dependent heir of Lee F. Beerman, deceased, surviving him is his widow, Lonia F. Beerman, and upon such findings entered an award awarding compensation in favor of claimant in the sum of $13,500, which was sustained on appeal to the Commission en banc.

Petitioners bring the case here for review and in their proposition No. 3 contend that the Commission erred in entering an award in favor of claimant without passing upon the issue of notice raised by them in their answer.

It is conceded by claimant that no written notice of deceased's injury resulting in his death was given as provided by said section of the statute. The statute provides that if written notice of the injury, as provided thereby, is not given by claimant his claim for compensation shall be barred unless the failure to give such notice is excused by the Commission either on the ground that notice for some sufficient reason could not have been given or on the ground that the insurance carrier or employer was not prejudiced thereby.

The Commission made no finding as to said issue. We have on different occasions held that where the statutory written notice required by 85 O.S.1951 § 24, is not given and this issue is raised it is the duty of the State Industrial Commission to make a finding excusing the giving of the statutory written notice, in accordance with the statute, before proceeding to make an award. Producers Pipe & Supply Co. v. Clevenger, 198 Okl. 601, 180 P.2d 667; Glencliff Dairy Products Co. v. Rowton, 206 Okl. 611, 245

**460**

P.2d 713; Griffin Grocery Co. v. Sterling, Okl., 302 P.2d 151.

Since the issue of notice was raised by petitioners in their answer and the Commission failed to excuse the giving of such notice on any of the grounds provided by said statute, supra, under the above authorities it was without jurisdiction to enter an award in the case.

The award is vacated and the cause remanded to the State Industrial Commission for further proceedings in accordance with the views herein expressed.