Joe SIMON, Plaintiff in Error,

v.

Cora HENDRICKS, Defendant in Error.

No. 38016.

Supreme Court of Oklahoma.

Sept. 23, 1958.

A. Camp Bonds, Muskogee, for plaintiff in error.

Paul V. Carlile, Sallisaw, for defendant in error.

HALLEY, Justice.

This action was filed in the District Court of Sequoyah County on August 29, 1956, by Cora Hendricks against Joe Simon to recover damages for personal injuries. The petition alleged that defendant negligently drove his automobile against the wagon in which plaintiff was riding with her husband; that they were proceeding in a southerly direction on Highway No. 82, about 200 yards south of Box School House about 8 P.M. on July 19, 1956, when the collision occurred. A jury returned a verdict for plaintiff upon which judgment was entered and defendant has appealed. Parties will be referred to as they appeared in the trial court.

Plaintiff further charged that the negligence of defendant which resulted in her injuries consisted of driving his car at an excessive rate of speed of 60 miles per hour; in driving in such a manner as not to enable him to bring it to a stop in the assured clear distance ahead; in failing to keep a clear lookout for other persons and vehicles using the highway, including the horse-drawn wagon in which plaintiff was riding; in failing to stop his car before striking the wagon in which she was riding; and in negligently driving his car while under the influence of intoxicants, which resulted in serious and permanent injury to plaintiff.

Plaintiff claimed that her injuries consisted of a severe blow to the pelvis, contusion to her right eye and thigh, a strain of the muscles and ligaments of her body and shock to her nervous system and permanent injuries yet unknown; that her injuries made her incapable of carrying on her housework or other work for about three months; that she has suffered and will suffer great mental anguish and physical pain, and continue to necessitate medical expenses.

Defendant filed a general denial and further alleged that the accident was unavoidable; that plaintiff was guilty of negligence and contributory negligence, which cooperated with negligence of defendant, if any, to cause the injuries suffered by plaintiff; that such negligence was shown by the fact that she knew that the wagon in which she was riding was not equipped with proper rear lights for night driving and that she failed to warn the driver of the wagon as to the danger of driving on the highway at night without proper lights. It was further charged that she and her husband were on a joint mission and she had an equal right to direct and control the driving of the wagon, and that but for her negligence, which contributed to the accident and her injuries, the accident would not have occurred.

Plaintiff's evidence sustains the allegations of her petition.

■ Plaintiff went to two doctors in Muskogee for examination and treatment. Each made X-ray pictures. One of the doctors examined X-ray pictures that were made at the Indian Hospital in Tahlequah. Each of these doctors testified as to what the X-ray pictures showed, none of which

were offered in evidence. The defendant objected to the admission of these doctors' testimony which was based on the X-ray pictures because the same were not offered in evidence. No reason was suggested for the failure to produce the X-ray pictures or offer them in evidence.

The plaintiff's doctors testified that they did not think the plaintiff was permanently injured until after they had examined the X-ray pictures.

It is on this point that X-ray pictures were not offered in evidence and the doctors were permitted to testify as to what was shown in the photographs that the defendant first asserts that the trial court committed reversible error.

We have considered this question in Patrick & Tillman v. Matkin, 154 Okl. 232, 7 P.2d 414, 415, where this Court said in the syllabus:

"The evidence of an expert is proper, if not essential, in explanation or interpretation of X-ray photographs when properly identified and offered in evidence; but it is error to permit an expert to testify over proper objections as to what is shown by an X-ray photograph which is neither produced for inspection nor offered in evidence.",

and in the body of the opinion we said:

"It is next contended that incompetent evidence was admitted over the objection of petitioners. In this contention we think there is merit. Dr. C. C. Shaw was called as a witness for claimant and testified, in substance, he had taken an X-ray photograph of claimant's spinal column. He was permitted, over the objection of petitioners and without producing the X-ray photograph and without same having been offered in evidence, to testify that the X-ray showed a fracture of the left transverse process of the first lumbar vertebra, a light lateral displacement of the fifth lumbar vertebra; also a left curvature.

"Petitioners objected to this evidence unless the X-ray be produced.

The X-ray, of course, would be the best evidence as to what it showed. However, to the layman an X-ray means but little. Some of course are plain and easily understood, but ordinarily they must be explained or interpreted by an expert; one having had experience and special training along that line. Dr. Shaw as an expert was a competent witness to testify as to what the X-ray disclosed, but at the same time the petitioners were entitled to see and examine the picture for the purpose of cross-examination, and submit the same to other experts, if they so desired, for interpretation."

In Southwestern Cotton Oil Co. v. State Industrial Commission, 167 Okl. 294, 29 P.2d 122, we stated the rule as follows:

"When a medical witness is unable to determine the physical condition of a person without the aid of an X-ray picture, the testimony of such witness describing the physical condition of the person, based in whole or in part upon an X-ray, is inadmissible, unless the authentic character of the picture be established by competent evidence."

The same rule was announced in Bartlesville Zinc Co. v. Fisher, 60 Okl. 139, 159 P. 476; Anderson & Prichard v. Pyle, 159 Okl. 188, 14 P.2d 938.

We are of the opinion that the admission of the medical testimony as to what the X-ray photos showed without the introduction of the photos was reversible error.

■ The defendant argues that the trial court erred in refusing to give his three requested instructions. In our opinion to have given them would have been error because of Section 6, Article 23 of the Oklahoma Constitution which is:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

However, we do think that Instruction No. 9 which is:

"You are further instructed that the failure to display a red light or reflector on a non-motor vehicle will not of itself constitute contributory negligence.",

violates said Section 6, Article 23 and if this case is retried should be omitted from the instructions. It is for the jury to determine what is or what is not contributory negligence under the facts of the case.

Judgment is reversed with instructions to grant a new trial in accordance with the views herein expressed.