The SANTA FE TRAILWAYS TRANSPOR-
TATION CO., own risk, Petitioner,

v.

Bryce M. MARSHALL, Respondent.

No. 40399.

Supreme Court of Oklahoma.

April 21, 1964.

Rainey, Flynn & Welch, Oklahoma City, for petitioner.

Pat Brogan, Oklahoma City, for respondent.

BERRY, Justice.

On August 30, 1962, Bryce M. Marshall, hereinafter referred to as claimant, filed employee's first notice of injury and claim for compensation stating that on April 28, 1962, he sustained an accidental personal injury to his back while he was loading heavy freight on a truck. He was employed as a truck driver for the Santa Fe Trailways Transportation Company, hereinafter referred to as petitioner.

On September 10, 1962, petitioner filed answer denying that claimant sustained an accidental injury arising out of and in the course of his employment, and further alleged it was not given written notice of claimant's injury as required by law, and was materially prejudiced thereby.

On December 3, 1962, the State Industrial Court entered an award finding that Bryce M. Marshall sustained an accidental personal injury arising out of and in the course of his hazardous employment with petitioner on April 28, 1962, consisting of an injury to his lower back; that as a result of said injury he was temporarily totally disabled for the period April 28, 1962, to November 12, 1962, less two weeks. Claimant was awarded 26 weeks and 1 day compensation in the total amount of $915.83. The question of permanent disability was reserved for further hearing. The trial judge made no finding as to notice, although this issue was properly raised.

The petitioner now seeks a review of the trial judge's award in this original proceeding, contending that the trial judge erred in entering an award in favor of claimant without passing upon the issue of notice where the issue was properly raised.

The contention is well taken. Without exception this Court has held: "Where the statutory written notice required by 85 O.S. 1951 § 24, is not given and this issue is raised, it is the duty of the State Industrial Commission to make a finding excusing the giving of the statutory written notice in accordance with the statute before proceeding to make an award." Rigdon & Bruen

Oil Co. v. Beerman, Okl., 318 P.2d 458; and cases cited therein.

To uphold the award, claimant cites and relies upon Pine Valley Lumber Co. v. Robinson, 182 Okl. 234, 76 P.2d 1048; Norman Steam Laundry v. State Industrial Commission, 160 Okl. 107, 16 P.2d 92; Anderson & Prichard v. Pyle, 159 Okl. 188, 14 P.2d 938; Graver Corporation v. State Industrial Commission, 114 Okl. 140, 244 P. 438; and R. S. Smith Construction Co. v. Swindell, 185 Okl. 35, 89 P.2d 947.

Although it is argued by claimant that the cited cases involve the issue of notice and are decisive of the issue here presented, they are not applicable to the facts as borne out by the record.

In the Graver, Pyle and Swindell cases, supra, the question of notice was not an issue before the State Industrial Court, but was raised for the first time in this Court on appeal. We held that such an objection could not be raised for the first time in this Court; and, since no issue was made by the pleadings or at the hearing as to the failure to give notice, it was unnecessary for the State Industrial Court to make any finding upon such question.

In Pine Valley Lumber Co. and Norman Steam Laundry cases, supra, evidence was introduced on behalf of the claimant that the employer had actual notice of the claimed accidental injury. This evidence was uncontroverted by the employer. The Industrial Court in its order made a finding that the employer had actual notice. Accordingly, we held the question of notice was eliminated unless the employer offered competent evidence to disclose that, despite said notice, the employer had been prejudiced by a failure to give the statutory notice.

Claimant contends that his statement, made in writing to petitioner's representative, J. F. West, on May 13, 1962, is sufficient to impart notice to the employer of an accidental injury. The record discloses that claimant had suffered a prior back injury in 1959 while working for this same employer, which condition was operated. The statement referred to states in substance that claimant does not know whether the trouble results from the old injury or a new injury, but that claimant is inclined to believe that it is a recurrence of his old injury.

As heretofore stated, the issue of notice was properly raised by the employer, and under such circumstances it was the duty of the State Industrial Court to make a finding excusing the giving of the statutory written notice in accordance with the statute before proceeding to make an award. See Rigdon & Bruen Oil Co. v. Beerman, supra.

The award is vacated and the cause remanded to the State Industrial Court for further proceedings in accordance with the views herein expressed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.