Joe Eldon FULLER, Plaintiff in Error,

v.

Myrtle LEMMONS, Defendant in Error.

No. 41084.

Supreme Court of Oklahoma.

April 25, 1967.

As Corrected and Dissenting Opinion
July 10, 1967.

Rehearing Denied July 11, 1967.

Dissenting Opinion Sept. 26, 1967.

Second Rehearing Denied Sept. 26, 1967.

Covington & Gibbon, by Richard D. Gibbon, Tulsa, for plaintiff in error.

Baker & Baker, by Hughey Baker, Tulsa, for defendant in error.

McINERNEY, Justice.

Myrtle Lemmons (plaintiff) was a passenger in an automobile being driven by Roy Hopkins proceeding south on Sheridan Avenue in Tulsa. Joe Eldon Fuller (defendant) was traveling east on 4th Place and collided with the Hopkins' automobile at an intersection controlled by traffic signals where the two streets intersect. Plaintiff brought an action against both Hopkins and defendant for personal injuries, and recovered a jury verdict against both. Only the defendant Fuller appealed.

The sole proposition of error presented by this appeal concerns the testimony of Dr. C. Dr. C. testified that plaintiff had a neck injury, injury to her right arm and "some condition in her back which gives her pain, that she is approximately 25 per cent totally disabled." When asked what portion of the neck was injured, the doctor responded, "I would say that the injury involves the—probably 5th, 6th and 7th cervical vertebrae. Thoses are the usual vertebrae that are involved in what we call a whiplash lesion. That's a sudden movement of the head on the body or the head and neck on the body." In response to the following question, "What kind of an injury—what happens to these vertebrae, Doctor, to cause this injury?" an objection was interposed and the following proceedings occurred:

"MR. GIBBON: Now, Your Honor, we are going to object to this unless the (witness)—may I ask a preliminary question?

\* \* \* \* \* \*

THE COURT: What is it you are objecting to?

MR. GIBBON: He has asked now what the condition of these vertebrae is, and I want to find out if the doctor took x-rays to determine that."

The court denied this request.

"MR. GIBBON: Let the record show we object to any further testimony on the part of this (witness) as to his findings without the introduction of the x-rays."

On cross examination by defendant, the testimony reveals the following proceedings:

"Q  Doctor, were there x-rays taken of Mrs. Lemmons at the time she was first seen at the hospital?

A  There were.

Q  And have you taken x-rays since that time?

A  I have.

Q  And have you used these x-rays in making your conclusions and determina-

tions that you have testified here to the jury?

A  I have.

MR. GIBBON: May we approach the Bench?

(The following proceedings were then had out of the hearing of the jury:)

MR. GIBBON: Comes now the defendant Fuller and asks that all of the testimony of this doctor be stricken from the record for the reason that he has testified about findings from x-rays and has stated that he used those findings in all of the conclusions that he gave to the Court here and the x-rays have not been introduced into evidence.

MR. JAY C. BAKER: Let the record show they are here for the defendants' examination."

This motion was overruled.

The Court stated in the hearing of the jury that the x-rays are in court if the defendant wants them.

"MR. HUGHEY BAKER: They may have them.

THE COURT: And are available to you.

MR. JAY C. BAKER: Doctor, are these the x-rays of Mrs. Lemmons?

THE WITNESS: Yes.

MR. HUGHEY BAKER: Did you want to examine them, gentlemen, the x-rays?

MR. GIBBON: I can't examine x-rays. I don't know anything about them.

THE COURT: All right. Anything else of this witness?"

Counsel for defendant and Hopkins then cross examined the witness. At the conclusion of plaintiff's evidence and after she had rested, both Hopkins and the defendant entered their demurrers, which were overruled. The following transpired:

"THE COURT: I will overrule it, and at this time I want to offer to counsel for Mr. Fuller all of these x-rays if he wants them.

MR. GIBBON: Let the record show they were not marked and have not been offered by the plaintiff and that they are not in the record.

THE COURT: They were not in the record, but they were identified by the Doctor as being the x-rays in this case.

MR. GIBBON: Well, he never removed anything from an envelope, did he, sir?

THE COURT: No.

MR. GIBBON: Okay.

THE COURT: That is right.

MR. GIBBON: And are those (the x-rays) present at this time in that offer? They are not here.

THE COURT: All right. * * *"

This court has consistently held that the admission of the opinion of a medical expert, based in whole or in part on x-rays which have not been properly identified or offered into evidence, over objection, is error. Bartlesville Zinc Co. v. Fisher, 60 Okl. 139, 159 P. 476; Patrick & Tillman v. Matkin, 154 Okl. 232, 7 P.2d 414; Anderson & Prichard v. Pyle, 159 Okl. 188, 14 P.2d 938; Southwestern Cotton Oil Co. v. State Industrial Commission, 167 Okl. 294, 29 P.2d 122; Simon v. Hendricks, Okl., 330 P.2d 186. In the Simon case, supra, at page 188, is the statement, "We are of the opinion that the admission of the medical testimony as to what the X-ray photos showed without the introduction of the photos was reversible error." In reaching that decision, the court reconsidered the other cases cited above and adopted the reasoning contained therein.

■ The plaintiff contends that this rule should not apply when the x-rays are present in court, although not offered into evidence after objection. A medical expert must always predicate his opinion on certain premises of fact. It is apparent that the medical expert based his opinion of the condition of the injured vertebrae on the x-ray, which is the best evidence of what it shows. Therefore, the opinion, based on an x-ray not in evidence, has no foundation upon which it may be predicated. The general rule, well established, that the opinion of an expert must be based on evidence, which rule permits the jury to consider the expert opinion in relation to the facts upon which it is based, applies to a medical expert testifying in regard to his opinion based on an x-ray. The opinion of the medical expert, based on an x-ray, is not admissible until the x-ray has been admitted into evidence.

■ The contention that the mere production of the x-rays upon which the opinion is based provides sufficient reason to abandon a well reasoned rule of law is without merit. If it appears necessary to bring this evidence to court, this circumstance would appear equally necessary to require the offer of its admission into evidence. The burden is upon the person offering the opinion as fact to support a finding of fact by evidence, and, in a case such as presented here, that person must offer the x-ray to support the testimony of a medical expert whose opinion of damage to vertebrae is urged as a fact for the consideration of the jury. The admission of Dr. C.'s testimony that plaintiff was 25 per cent totally disabled, without the x-ray evidence upon which his opinion was based, was error. Since this testimony went to the heart of the amount of damages to be awarded, if liability is established, it is not harmless error. Southwestern Cotton Oil Co., supra.

■ The contested liability in this case did not directly involve the plaintiff. The contest was between the drivers of the two automobiles, the plaintiff being merely a passenger who sued both drivers. The erroneous admission of evidence, which is the basis for this appeal, concerns only the injuries sustained, if any, in the accident. Liability has been established by the jury and this finding is not submitted as error in the appeal. Therefore the defendant is entitled to a new trial solely on the issue of damages. Shinn v. Francis, Okl., 404 P.2d 1017; Hallford v. Schumacher, Okl., 323

P.2d 989; Lone Star Gas Co. v. Parsons, 159 Okl. 52, 14 P.2d 369. And see annotation in 85 A.L.R.2d 9.

The judgment is reversed in part, and a new trial granted on issue of damages.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, BLACKBIRD, BERRY, LAVENDER, and McINERNEY, JJ., concur.

WILLIAMS and HODGES, JJ., dissent.

WILLIAMS, Justice (dissenting).

I respectfully dissent to the majority opinion.

In this case, plaintiff's expert witness had already testified that she complained of severe pain on raising the right arm; that there was crepitation in her right shoulder; that the right arm was approximately one-half inch smaller in the forearm and the arm than on a previous occasion when he had examined her; that movements of her body elicited pain in the lower part of her back; that movements of her head in any direction, especially to the extreme, elicited pain in the neck; that she was approximately 25% disabled.

Thereafter, defendant's counsel objected "to any further testimony" on the part of the doctor as to his findings without the introduction of X-rays.

From these facts and others recited in the majority opinion, I believe the jury would have been warranted in finding for the plaintiff in the amount of the verdict in this case without being required to rely heavily on the testimony of such expert that in turn was based upon knowledge apparently obtained from examination of his X-ray pictures.

Further, it is noted that the majority relies upon Anderson & Prichard v. Pyle, 159 Okl. 188, 14 P.2d 938; Bartlesville Zinc Co. v. Fisher, 60 Okl. 139, 159 P. 476; Patrick & Tillman v. Matkin, 154 Okl. 232, 7 P.2d 414; Simon v. Hendricks, Okl., 330 P.2d 186; and Southwestern Cotton Oil Co. v. State Industrial Commission, 167 Okl. 294, 29 P.2d 122.

In Patrick & Tillman v. Matkin, supra, we stated, in the second paragraph of the syllabus thereof:

"The evidence of an expert is proper, if not essential, in explanation or interpretation of X-ray photographs when properly identified and offered in evidence; but it is error to permit an expert to testify over proper objections as to what is shown by an X-ray photograph *which is neither produced for inspection nor offered in evidence.*" (Emphasis added.)

However, in the body of our opinion, the rule was stated somewhat differently:

"* * * But we think the better rule is, when proper objection is made, to reject such evidence or require the party relying upon the X-ray photograph to produce and offer same in evidence, or show its loss, destruction, or other proper reason why it cannot be produced.

"In fairness to both sides, the X-ray photograph should be produced and appear in evidence with full opportunity to both sides to offer expert testimony in explanation or interpretation thereof." 7 P.2d 25 p. 416.

In the first paragraph of the syllabus of Simon v. Hendricks, supra, we reiterated the rule as set forth in the second syllabus of Patrick & Tillman v. Matkin, supra, but stated in the body of the opinion that "(W)e are of the opinion that the admission of the medical testimony as to what the X-ray photos showed without the introduction of the photos was reversible error." 330 P.2d at 188.

The other authorities cited in the majority opinion herein, i. e., Bartlesville Zinc Co. v. Fisher, supra, (wherein the question was whether the X-rays were admissible without proper identification); Southwestern Cotton Oil Co. v. State Industrial Commission, supra, (wherein the question was whether medical testimony based upon an X-ray was admissible in the absence of a showing that the X-ray was authentic); and Anderson & Prichard v. Pyle, supra, (wherein the question was whether a proper

objection had been made to testimony based upon X-rays), all present different questions and are distinguishable from the issue presented in this appeal.

In my opinion, the correct rule relative to opinion evidence based upon X-rays is that stated in the above quoted syllabus of Patrick & Tillman v. Matkin, supra, and reiterated in the syllabus of Simon v. Hendricks, supra, i. e., " * * * it is error to permit an expert to testify over proper objections as to what is shown by an X-ray photograph which is neither produced for inspection nor offered in evidence." To restate this rule in positive language, it is my view that an expert may testify as to what is shown by an X-ray photograph if such X-ray is *either* produced for inspection *or* offered in evidence.

From the record in this case, it appears that defendant, by objecting to the testimony of Dr. C. on the basis that the X-rays of plaintiff were not formally introduced in evidence, was not attempting to question the authenticity of such X-rays. Further, there is no indication in the record that defendant wished to use such X-rays either for the purposes of the cross examination of Dr. C. or of a study by his own medical witness, although it is clear that such X-rays were tendered to him by both plaintiff's counsel and the trial judge.

From the facts and circumstances present in the instant case, it is my view that a reversal of the verdict below on the sole ground that the X-rays used by plaintiff's medical witness to formulate his opinion of the extent of her injuries were not formally introduced in evidence, is not warranted. X-ray medical photographs are capable of being interpreted, except in the rarest of cases, only by a trained physician or technician, and by themselves, such X-rays are of no aid to a jury, a trial judge, or to an appellate court in their determination of whether a party is suffering from an alleged injury. If the defendant herein questioned the authenticity of the X-rays or

their interpretation, he had ample opportunity to inspect and use such X-rays during the course of the trial.

For these reasons, in my opinion, the judgment of the court below based upon the jury verdict should be affirmed.

I dissent.

HODGES, Justice (dissenting).

That the X-rays in the present case were produced for inspection and examination is not questioned. The deficiency creating the issue in dispute was the failure of a formal introduction of the X-ray photographs.

We stated in Patrick & Tillman v. Matkin, 154 Okl. 232, 7 P.2d 414, and Anderson & Prichard v. Pyle, 159 Okl. 188, 14 P.2d 938, that it was error to permit an expert to testify as to what is shown by X-ray photographs *which are neither produced nor offered in evidence.*

Again in Simon v. Hendricks, Okl., 330 P.2d 186, this court repeats the same pronouncement in Syllabus (1) that "it is error to permit experts to testify over objections as to what was shown by an X-ray photograph *which is neither produced for inspection nor offered in evidence.*"

The X-ray photographs having been produced for inspection in the present case, I would, based on these decisions, affirm the judgment of the trial court.

I do, however, agree with the majority that "the admission of medical testimony, based in whole or in part on an X-ray photograph *not offered in evidence* over objection," should be error. The purpose and necessity for such a rule is adequately stated in the majority opinion. But I disagree that our prior decisions have uniformly and consistently held that the formal introduction of X-rays in evidence was an absolute prerequisite. For this reason, I cannot retroactively invoke the rule as announced by the majority opinion in the present case, but would prospectively extend its application to future cases.

I respectfully dissent.