## STATE ex rel. RICHARDSON v. KEEN, Dist. Judge.

No. 29464.    Oct. 17, 1939.

R. C. Lyon, of Oklahoma City, for plaintiff.

Meacham, Meacham & Meacham, of Clinton, for defendant.

GIBSON, J. The relator seeks mandamus directed to Honorable W. P. Keen, judge of the district court of Custer county, commanding him to certify his disqualifications in a certain cause therein pending entitled City of Clinton ex rel. W. E. Harber, Plaintiff, v, W. F. Cabaniss et al., Defendants, and numbered 6758 in said court (sections 2911, 2915, O. S. 1931, 22 Okla. Stat. Ann. §§ 571, 575).

The aforesaid action is one to foreclose street improvement bonds covering certain districts in the city of Clinton, and was instituted under authority of section 6240, O. S. 1931, 11 Okla. Stat. Ann. § 107. The relator is one of the bond owners and has intervened in the cause. He charges in his present petition that the respondent is, or was, the owner of certain of said bonds which he has relinquished to the city in payment of assessments on his own property, which, says relator, was illegally accomplished under a statute held unconstitutional as an impairment of the bond contract (ch. 58, S. L. 1933, 62 Okla. Stat. Ann. §§ 341-346). Davis v. McCasland, 182 Okla. 49, 75 P.2d 1118. It is asserted that the action below challenges the legality of the aforesaid payment, and all others of that character in said districts, as an impairment of relator's security under his bond contract, that the respondent is interested personally in the result of the litigation aforesaid and is therefore disqualified to proceed further as judge in said cause (sec. 2911, supra), and that a motion is now pending therein to make him a party defendant.

In response to the alternative writ, respondent asserts that the other parties to the action were not sufficiently notified of the application for disqualification, that he is neither biased nor prejudiced in any manner concerning the litigation, and says that the relator in open court specifically waived the alleged disqualification.

Section 2915, above, provides that the claim of disqualification may be presented to the judge "after reasonable notice to the other side." This means that the adverse parties to the suit should be notified that

the claim of disqualification will be presented. It is not made clear by the record in this proceeding whether such notice was given. Failure to notify in proper time would ordinarily amount to a waiver of the disqualification, and no more. Disqualification may be waived when the matter is one purely of personal concern to the objecting litigant. In re Miller's Estate, 182 Okla. 534, 78 P.2d 819; but may not be waived where the grounds for disqualification infringe public policy. State ex rel. Dabney, Atty. Gen., v. Ledbetter, 156 Okla. 23, 9 P.2d 728.

The alleged disqualification of the respondent in the instant case concerns public policy. A judge who has a substantial personal interest in the outcome of a cause is disqualified to hear the same, not alone by reason of presumed bias and prejudice toward one or the other litigants, but also by the demands of public policy, and his judgment, if rendered, would be voidable. In State ex rel. Dabney v. Ledbetter, supra, we held on this question as follows:

"Where the disqualification of a judge is considered a matter of public policy, a waiver will not be allowed; the judge is not authorized to sit in a case, even with the consent of the parties where the judge has a direct interest, such as a financial interest in the judgment to be rendered."

The record here sufficiently discloses a substantial interest in the respondent in the result of the litigation to warrant the writ on the ground of public policy. Failure of notice as aforesaid is immaterial in such case.

Writ granted.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, CORN, HURST, and DAVISON, JJ., concur. DANNER, J., absent.