Maxine RHOLA, Petitioner,

v.

WONDER BREAD, Insurance Company of North America, and Workers' Compensation Court, Respondents.

No. 55751.

Supreme Court of Oklahoma.

Jan. 12, 1982.

Rehearing Denied Feb. 9, 1982.

---

J. Mike Lawter, Manners, Cathcart, Lawter, Abney & Burke, Oklahoma City, for petitioner.

Yvonne Sparger Nichols, Edmond, Looney, Nichols, Johnson & Hayes, Oklahoma City, for respondents.

BARNES, Vice Chief Justice:

Maxine Rhola, Petitioner and Claimant below (Claimant), an employee of Respon-

dent, sustained an injury to her right knee on July 3, 1978, when she slipped on Respondent's floor while at work. She was treated by Respondent's doctor and returned to work in August, 1978, and was transferred to a different job. Complaining that her shoulder, neck and back were hurting, Claimant, in September, 1978, went on sick leave and drew benefits from the Health and Welfare Fund of the Bakery and Confectionery Workers Local Union. She drew such benefits for a period of six months, and the Union Health and Welfare Fund also paid her medical bills. Claimant's union benefits were terminated in March, 1979. In December, 1979, Claimant notified Respondent that she was still under a doctor's care for her back and was unable to return to work. Claimant's claim for compensation was filed in January, 1980, over one year after the accident date. Respondent raised the affirmative defense that the claim was barred by the running of the statute of limitations. The trial court, after hearing, entered an order finding that Claimant's cause of action was barred by the running of the statute of limitations.

On appeal to the Workers' Compensation Court en banc, the trial court's order was affirmed.

The case was appealed by Claimant to this Court and assigned to the Court of Appeals, Division No. 2, for opinion. The Court of Appeals, Division No. 2, found that payments to Claimant from the Union's Fund tolled the running of the statute of limitations and reversed the trial court's order and remanded the case with directions to conduct a new trial. After Respondent's petition for rehearing was denied, Respondent sought certiorari from this Court, which has been previously granted.

The sole issue presented by Respondent's petition for certiorari is whether the payments which the Claimant received from the Union Fund constituted "compensation or remuneration paid in lieu of compensation", and thus tolled the statute of limitations under 85 O.S.Supp.1980, § 43.[1]

1. Title 85 O.S.Supp.1980, § 43, provides in pertinent part:

"The right to claim compensation under the Workers' Compensation Act shall be forever

We hold that such payments from the Union Fund did not constitute "compensation or remuneration in lieu of compensation", and that since the Claimant did not file within one year from the date of injury, her claim was barred. We therefore reverse the Court of Appeals' decision and affirm the order of the Workers' Compensation Court en banc.

■ In *Atlas Coal Co. v. Corrigan, 296 P. 963 (1931), Oklahoma Furniture Manufacturing Co. v. Nolen, 23 P.2d 381 (1933), Indian Drilling Mud Co. v. McGrew, 311 P.2d 247 (1957),* and *Smedley v. State Industrial Court, 562 P.2d 847 (1977),* we said that in order for payments by the employer to be denominated as "remuneration in lieu of compensation", such payments must be made with intent and a "conscious recognition of liability by the employer". If an employer has intended to pay remuneration in lieu of compensation, or even to provide medical treatment after the one-year period has lapsed, his conduct waives the limitation period because of the "conscious recognition of liability".[2] Inherent in the "conscious recognition of liability" is the conduct of the employer, either in intending to pay "remuneration", or "providing medical treatment".

■ The record discloses that the Union contract between the Union and Respondent required Respondent to pay a certain number of cents per wage hour into the Union Health and Welfare Fund. The Health and Welfare Fund did not provide workers' compensation benefits to employees, and funds were not payable to employees drawing workers' compensation benefits. The Union Health and Welfare Fund provided medical coverage for employees and their families. The Union Board of Trustees in Washington, D. C., decides who will receive benefits from such fund and when. The Trustees also decide when the medical treatment rendered commences and ends. Respondents, nor anyone in their behalf, have any decision or authority over the expenditure of the funds. The money belongs to the Union and it is disbursed by the Union. There is no control by Respondents over which employees receive benefits, for what reasons, or for how long.

There can be no "conscious recognition of liability" by Respondent because in the absence of control and intent, payment of Union benefits by a remote Union Board of Trustees (an independent third party) cannot be imputed to Respondent as intentional payment or voluntary medical treatment. The required conscious recognition of liability can only occur in the employer's mind, not in the mind of third parties. The conduct, which is a conscious recognition of liability and which thereby waives the limitation period after the limitation period has run, is the conduct of the employer. *Indian Drilling Mud Co. v. McGrew, supra.* A Union Board of Trustees cannot make a "conscious recognition of liability" on behalf of an employer.

For the reasons stated above, we therefore conclude that the Union benefits paid to Claimant cannot be construed as "remuneration in lieu of compensation" by Respondent, as such payments were not made with intent and a "conscious recognition of liability by the employer". Therefore, since Claimant did not file her compensation claim within one year from the date of injury, her claim was barred. The decision of the Court of Appeals is reversed and the order of the trial court is affirmed.

IRWIN, C. J., LAVENDER and OPALA, JJ., and WILSON, Special Justice, concur.

HODGES, SIMMS, DOOLIN and HARGRAVE, JJ., dissent.

Upon Justice WILLIAMS' disqualification, the Honorable CHARLES M. WILSON was assigned to act as a Special Justice in this case.

---

barred unless within one (1) year after the injury or death, a claim for compensation thereunder is filed with the Administrator. Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation or within one (1) year from last authorized medical treatment. . . ."

**2.** See *Sinclair Prairie Oil Co. v. Newport,* 159 P.2d 726 (1945); *Cupit v. Dancu Chemical Co.,* 316 P.2d 593 (1957).