MARTIN'S MARKET PLACE and the
State Insurance Fund, Petitioners,

v.

Thelma Joyce BRIGHT, Respondent.

No. 83632.

Court of Appeals of Oklahoma,
Division No. 4.

Jan. 10, 1995.

Rehearing Denied Feb. 21, 1995.

John R. Schneider, State Ins. Fund, Oklahoma City, for petitioners.

Albert M. Morrison, Antony C. Link, Oklahoma City, for respondent.

GOODMAN, Judge.

This is a review of an order of a three-judge panel of the Workers' Compensation Court affirming the trial court's findings that the claimant had sustained a change of condition for the worse since a previous award of permanent partial disability benefits, that she was entitled to temporary total disability benefits as a result of such change, and that she is in need of further medical care. Based upon our review of the record and applicable law, we vacate the order and remand for further proceedings.

I

On August 24, 1988, claimant Thelma Joyce Bright filed a Form 3 alleging that on August 16, 1988, she injured her back during the course of her employment in the produce department at Martin's Market Place when she lifted a box of cantaloupe while stocking a produce rack. The following month she underwent a "bilateral laminectomy ... with disc excision" followed by physical therapy. The claimant continued to experience pain and was prescribed medication which caused "injuries to the gastrointestinal system due to development of pyloric erosion, or frank duodenal ulcer, following the ingestion of nonsteroidal anti-inflammatory drugs...."

On November 2, 1990, the trial court filed its order finding that, as a result of her work-related injury, the claimant had sustained permanent partial disability to the body as a whole consisting of 28 percent due to injury to the back, and 5 percent due to injury to the gastrointestinal system. The court awarded benefits for a period of temporary total disability, reserved the matter of vocational rehabilitation, and ordered the employer to "furnish claimant with continuing medical care for maintenance of [her] condition...."

The claimant took a job as a baker at a cafe from September to December 1991 to assist a family member, but otherwise has not been employed since the date of the initial injury. The employer continued to provide pain medication as prescribed by the claimant's treating physician.

In May and early June 1993, the claimant was admitted to an out-of-state rehabilitation hospital for eighteen days during which she "underwent a multidisciplinary approach type program to help her improve her functional level of activity to an utmost level of function."

The claimant filed a Form 9 August 26, 1993, seeking temporary total disability benefits for the period she was hospitalized. The motion was later amended to include a motion to reopen on change of condition seeking approval for additional surgery as recommended by her treating physician.

The matter came on for hearing November 29, 1993. The claimant testified that since the November 1990 hearing, the pain in her back had increased dramatically and had diminished her ability to function physically. She said she was taking essentially the same medication as before, and had pain in the same body parts, but "[t]he pain is so much more intense now." The medical evidence of each party was admitted over the probative value objections of the opposing party.

In an order filed February 14, 1994, the trial court awarded temporary total disability benefits for the time the claimant was in the rehabilitation center—"a period of 2 weeks and 4 days"—reserved the issue of permanent disability and, in an order nunc pro tunc, directed the employer to "provide claimant with reasonable and necessary medical treatment ... including surgery, if necessary."

The employer appealed and a divided three-judge panel affirmed the trial court's order. The employer seeks our review.

II

■ Due to a facial, fundamental irregularity in the proceedings before the three-

judge panel, we hold that the composition of the three-judge panel violated a clear legislative expression of public policy, and therefore the order under review must be vacated and the cause remanded.[1]

Public policy, of course, is "the law of the state as found declared in its constitution, its *statutory enactments* and its judicial records." *Board of County Comm'rs v. Mullins,* 202 Okla. 628, 633, 217 P.2d 835, 841 (1950) (emphasis added). Title 85 O.S.Supp. 1993 § 3.6(A), states that an appellate three-judge panel "*shall* consist of three (3) judges ... *none of whom shall have presided over any of the previous hearings on the claim.*" (Emphasis added.)

Historically, when decisions of the workers' compensation court were appealed, the appeals were heard by "the entire Commission, or a majority thereof" and "[i]n case less than the entire Commission hears the appeal, only those members participating in the hearing shall participate in the making of the order, decision or award." 85 O.S.1971 § 77 (Ninth) (approved May 12, 1939). From its inception, § 77 was deemed to permit a trial judge to sit on the very appellate panel that was reviewing the judge's trial court decision. In fact, it was acceptable to count the vote of the trial judge as the deciding vote on a split, five-member appellate panel. *See Osborne v. State Industrial Comm'n,* 188 Okla. 616, 112 P.2d 384 (1941).

In 1977, however, the legislature revamped the Workmen's Compensation Law, repealed vast portions of the existing law, and enacted the Workers' Compensation Act. Relevant to our discussion is 85 O.S.Supp.1993 § 3.6(A) (enacted by Laws 1977, ch. 234, § 10

eff. July 1, 1978), which rejected existing jurisprudence and pronounced the following salient expression of public policy: An appellate three-judge panel "*shall* consist of three (3) judges ... *none of whom shall have presided over any of the previous hearings on the claim.*" (Emphasis added.)

In the matter before us, the dissenting member of the three-judge panel presided over the 1990 proceedings awarding the claimant permanent partial disability benefits and establishing her right to continuing medical maintenance. At the commencement of the May 1994 appellate hearing before the three-judge panel, the judge disclosed her prior involvement in the proceedings, and the parties purported to waive any objection to the further participation of the judge.

■ Generally, disqualification of a judge may be waived when the matter is one purely of personal concern to the objecting litigant. *State ex rel. Richardson v. Keen,* 185 Okla. 539, 95 P.2d 120 (1939). However, "[w]hen the disqualification of a judge is considered a matter of public policy, a waiver will not be allowed; the judge is not authorized to sit in a case, *even with the consent of the parties.*" *Keen,* 185 Okla. at 540, 95 P.2d at 121 (emphasis added).

The public policy expressed by the legislature in 85 O.S.Supp.1993 § 3.6(A), forbids appellate review by any judge who has "presided over any of the previous hearings on the claim." No provision for waiver of that mandate is included in the statute.[2]

■ We therefore hold that the composition of the three-judge panel violated the legislatively expressed public policy embod-

---

1. The parties correctly agree that the award of temporary total disability benefits is contrary to law and must be vacated. Title 85 O.S.1991 § 13, states that "[n]o compensation shall be allowed for the first seven (7) calendar days of disability [unless the] disability continues beyond the twenty-first calendar day...." The claimant's evidence relating to her admission to the rehabilitation center states that her period of temporary total disability was from May 24, 1993, to June 11, 1993—a period of eighteen days. The award of benefits is clearly contrary to law and is hereby vacated.

The claimant contends, however, that "on the basis of Dr. Eiser's [deposition] testimony,

Claimant could have been found to be temporarily totally disabled from the time of his examination on June 12, 1992, and continuing."

We have examined the evidence and find that the treating physician's August 31, 1993, "updated medical report" expressed no opinion on total disability. We decline to infer one.

2. *Compare* 22 O.S.1991 § 576, which expressly provides that "[t]he judge who conducts the preliminary examination shall not try the case *except with the consent of all parties.*" (Emphasis added.) Section 3.6 makes no such provision for waiver by the parties. *See also* 20 O.S.1991 §§ 1401 through 1403, pertaining to disqualification of trial and appellate judges.

ied in § 3.6. Accordingly, the order under review is vacated, and the cause is remanded for further proceedings.[3]

ORDER VACATED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.

TAYLOR, P.J., concurs.

STUBBLEFIELD, J., concurs specially.

STUBBLEFIELD, Judge, specially concurring.

I am extremely reluctant to depart from the issues framed by the parties. It is particularly onerous in workers' compensation cases where delay may mean deprivation of income and/or medical treatment to a needy claimant. My reluctance is amplified by the fact that the trial judge who sat on the review panel was a dissenter. Thus, her vote was not a factor in the decision. However, I agree with the majority's analysis and do not believe that the determination of whether the participation of a trial judge in the three-judge panel was wrongful may be premised upon how that judge voted.

The trial judge's participation involves more than casting a vote. The order of a three-judge panel may reflect a collegially reached decision involving discussion by the panel members. In such a situation, it is vital that no preconceptions be brought to the discussion, and that no judge be placed in the posture of defending his/her prior decision.

Thus, I agree that we are faced with a fundamental irregularity in the judgment, which requires vacation of the review panel's order and remand for further consideration.

---

**3.** We note another irregularity—the trial judge impermissibly supplemented the appellate record on September 9, 1994, to include the deposition of the claimant's expert *after* the claimant's petition for review was filed in the supreme court on May 26, 1994. It is fundamental that *"[o]nly* that deposition testimony which was offered and properly admitted during the trial or hearings, or that which, though refused admission, was retendered by proffer and then found on appeal to have been improperly excluded may be deemed to form a part of the evidentiary record to be reviewed."* In re Estate of Whitlock,* 754 P.2d 862 (Okla.1988). *See also Thomas v. Elephant Run,* 814 P.2d 496 (Okla.1991). Thus the deposition, and any curative effect it may have on the claimant's medical evidence, must not be considered on remand unless and until it is properly made a part of the record.