**Larry Lee DISMANG, Petitioner,**

v.

**SLAGLE MANUFACTURING, State Insurance Fund, and Workers' Compensation Court, Respondents.**

No. 87396.

Court of Civil Appeals of Oklahoma, Division No. 4.

March 11, 1997.

Bryce A. Hill, Hill & Knight, Tulsa, for Petitioner.

Richard T. McGonigle, Ronald D. Wood & Associates, Tulsa, for Respondents.

GOODMAN, Presiding Judge.

This is an original proceeding to review an order of the Workers' Compensation Court denying a claim based upon a finding it had not been timely filed within two years of the last medical treatment authorized by the employer or its insurance carrier. Based upon our review of the record and applicable law, we sustain the order.

I

Claimant Larry Lee Dismang was injured March 30, 1990, when he fell off a platform during the course of his employment as a welder for employer Slagle Manufacturing Corporation. The employer sent the claimant to WorkMed, an occupational health services clinic. X-rays were negative; the claimant was prescribed pain medication and released. He returned to work three days later.

Over the next several weeks, the claimant experienced bilateral knee pain and, in May 1990, sought treatment from the primary care physicians at the group health maintenance organization (HMO) provided by the employer. It is undisputed that the claimant did not notify the employer of the additional treatment, which was ongoing through the termination of the claimant's employment in June 1992.

The claimant filed a Form 3 May 31, 1994. He amended his claim October 18, 1994, listing his treating physician as WorkMed. The employer denied the claim, arguing it had not been filed within two years of the last authorized medical treatment.

The trial court denied the claim, finding it is "barred by the statute of limitations." The claimant seeks our review.

## II

■ This proceeding is not governed by the any-competent-evidence standard of review. To the contrary, the facts are undisputed; whether the undisputed facts establish the bar of limitations is a conclusion of law. *Eaton v. Herman Van Noy Drilling,* 637 P.2d 1249, 1250 (Okla.1981). We are called upon to decide, as a matter of statutory interpretation, whether on-going medical treatment provided by a group health maintenance organization to an employee injured in the course of his employment is treatment authorized by the employer's "insurance carrier" within the meaning and scope of the Workers' Compensation Act so as to toll the applicable statute of limitations. We hold it is not.

Title 85 O.S.Supp.1996, § 43, dictates, in relevant part, that a workers' compensation claim "shall be forever barred unless" it is "filed within two (2) years of the last ... medical treatment which was *authorized by the employer or the insurance carrier.*" (Emphasis added.) The employer asserted its statute-of-limitations defense, arguing the record shows the claim was filed more than two years after the claimant was treated and released by WorkMed—the last medical treatment authorized by the employer.

■ The Workers' Compensation Act requires all employers subject to its provisions to secure and maintain insurance coverage for workers' compensation benefits payable under the Act. 85 O.S.Supp.1996, § 61(A). It is the intent of the act to make the "insurance carrier" one and the same as the employer as to liability and immunity. *United States Fidelity and Guaranty Co. v. Theus,* 493 P.2d 433 (Okla.1972). Under every policy of insurance covering the liability of an employer for workers' compensation benefits, the "insurer shall pay the entire cost of medical bills *directly to the provider of the services* and then seek reimbursement from the insured employer for the deductible amount." 85 O.S.Supp.1996, § 64(D)(4) (emphasis added). The Act defines "insurance carrier" as follows:

"Insurance carrier" shall include stock corporations, reciprocal or interinsurance associations, or mutual associations with which employers have insured, and [approved self-insured employers].

85 O.S.Supp.1996, § 3(9).

■ Although an employer's liability under the Act *may* include expenses for medical treatment of an injured claimant, the Act is primarily designed to assure *an injured employee* and his dependents reasonable support and maintenance during the period of forced idleness resulting from any unfortunate accident which could destroy or impair earning capacity. *Crocker v. Crocker,* 824 P.2d 1117, 1120 (Okla.1991). The compensation provided by the Act is not recompense for injuries sustained, but is compensation in lieu of wages. *Roberts v. Matrix Services, Inc.,* 863 P.2d 1242, 1243 (Okla.1993); *Burnett Hauert Lumber Co. v. Thompson,* 185 Okla. 627, 95 P.2d 630 (1939).

■ A contract of insurance with an HMO, on the other hand, is primarily designed to provide *all participating employees* with medical treatment, whether or not they are injured in the course of employment. "Health maintenance organizations are alternatives to health insurance." *Cannon v. Lane,* 867 P.2d 1235, 1237 (Okla.1993). An injured employee protected under the Workers' Compensation Act may have co-existent contingent protection available under an an-

cillary group health insurance policy. *Wilson v. Prudential Ins. Co.,* 528 P.2d 1135 (Okla.Civ.App.1974). However, in no way does the group health coverage insure an employer from primary liability for compensation benefits otherwise due under the Act.

We find that a contract between an HMO and an employer is not a policy of insurance covering the employer's liability for workers' compensation benefits under the Act, and hold that an HMO is not included in the Act's definition of an "insurance carrier." The claimant presented no evidence to support his argument that the employer "obviously knew its group health insurance was treating [the claimant] and acquiesced in this course of action." To the contrary, there is no evidence the claimant notified the employer of his ongoing medical treatment, that the HMO acted as an "insurance carrier" by notifying the employer and seeking reimbursement for any deductible as required by the Act, or that either the employer or its workers' compensation liability insurance carrier had knowledge of, and acquiesced in, such medical treatment, thus distinguishing *Drinkwater v. Orkin Exterminating Co.,* 349 P.2d 1068 (Okla.1960), and *National Zinc Co. v. Van Gunda,* 402 P.2d 264 (Okla.1965), relied upon by the claimant.

ORDER SUSTAINED.

TAYLOR, V.C.J., concurs.

REIF, J., concurs specially.

REIF, Judge, specially concurring.

I concur to sustain the denial of the claim on the ground that the statute of limitations had expired. However, I do so on a more limited basis than that expressed by the majority. I regard the dispositive factor to be Employer's lack of knowledge that Claimant was receiving any continued treatment for the job-related injury in question, rather than the fact he was receiving continued treatment from the group health maintenance organization insurer. Had Claimant shown such knowledge, or even had shown some circumstances from which Employer "should have known" of the continued treatment, the statute of limitation would have been tolled, *see National Zinc Co. v. Van*

*Gunda,* 402 P.2d 264, 266–68 (Okla.1965), holding that Claimant's telephone calls to his supervisor, company safety man and personnel nurse that he was going to miss work to see a non-company doctor about being "down in the back" were sufficient circumstances from which Employer should have known that he was seeking treatment for a recent job-related back injury, even though Claimant did not expressly say that the treatment was for the job-related injury.

Unlike *Van Gunda,* upon which he relies, Claimant in the instant case has not shown any reason or circumstance why Employer "obviously knew its group health insurance was treating [his] work related injury ... and acquiesced in this course of action." Indeed, Claimant has not shown or even explained why Employer should have known that he was continuing to experience physical problems from the job-related injury and required further treatment.