1998 OK CIV APP 110

**Michael Lester JOHNSON, Petitioner,**

v.

**PHILLIPS PETROLEUM CO., GPM Gas Service and The Workers' Compensation Court, Respondents.**

**No. 90242.**

Court of Civil Appeals of Oklahoma, Division No. 1.

April 3, 1998.

Certiorari Denied July 8, 1998.

Duke Halley, Jerry Dick, Woodward, for Petitioner.

T. Shane Curtin, Oklahoma City, for Respondents.

## OPINION

GARRETT, Judge.

¶1 This is the second time this Court has considered a petition to review the order of the Workers' Compensation Court in this matter. Petitioner, Michael Lester Johnson (Claimant), filed his Form 3 in the Workers' Compensation Court on December 6, 1994, alleging he sustained an accidental injury arising out of and in the course of his employment with Respondent, Phillips Petroleum, later amended to Phillips Petroleum Company & GPM Gas Services Company (Employer). He alleged he sustained a heart attack on November 29, 1992, after walking in deep snow and working long hours. Employer raised the affirmative defense of the statute of limitations, and a hearing was held on that issue only on April 22, 1996. On April 29, 1996, the trial court entered an order that the claim was not barred by the statute of limitations; and on October 7, 1996, entered an order on the merits of the claim. The court found Claimant's injury arose out of and in the course of his employment and awarded him 32% permanent partial disability to the body as a whole due to injury to the heart.

¶2 Employer appealed to the Workers' Compensation Court En Banc. The issues raised were (1) the trial court order as to the statute of limitations, and (2) the trial court order that Claimant's injury arose out of and in the course of his employment and he was 32% PPD. A three judge panel entered an order vacating the April 29, 1996 order and the October 7, 1996 order, because the claim was barred by the statute of limitations. The panel entered an order in lieu thereof. In its order, the three judge panel held: (1) the claim was barred by the statute of limitations; and (2) Claimant sought and received "medical insurance benefits under a non-occupational health plan" and the payment of

such benefits did not toll the statute of limitations (85 O.S.1991 § 43). The panel made the following finding:

> Claimant was aware of the difference in [non-occupational and occupational injury benefits] ... by his own testimony, but chose not to turn in his injury under the occupational injury benefits for reasons of his own.

¶ 3 Claimant filed the first Petition for Review in the Supreme Court in case number 88,885 and it was assigned to a division of this Court. That division vacated the order being reviewed and remanded the case to the three judge panel because it did not address the issue of the nature of the "UAB payments", i.e ., "Unavoidable Absence Benefit",[1] which is covered in the Employer's employee handbook. Because this Court [in 88,885] held the panel's order [on the statute of limitations] was not responsive to the tolling issue framed at the trial court's evidentiary hearing, the case was remanded for entry of an order responsive to that issue.

¶ 4 On remand, the three judge panel issued a new order on September 30, 1997, which is the subject of the present review proceeding. Again, the panel held Claimant's claim was barred by the statute of limitations. The order was based on the following findings:

> That the claimant received Non-occupational Unavoidable Accident Benefits from his employer between the date of his injury and January, 1993.

> That the payment of Non-occupational Unavoidable Accident Benefits was not in lieu of temporary total disability benefits or other Workers' Compensation Benefits.

> That the payment of benefits and reimbursement of expenses by an employer pursuant to the non-occupational benefits portion of a plan such as respondent's Unavoidable Accident Benefits Plan does not serve to toll the two year limitations period of 85 O.S. § 43 when, as here, claimant intentionally seeks non-occupational benefits for reasons of his own.

¶ 5 Claimant's two propositions of error are:

1. The present opinion of the three judge panel should not be given the deference it might otherwise be entitled. Further, since there is no evidence to support the three judge panel's vacation of the trial court's ruling, this matter should be reversed.

2. The three judge panel's vacation of the trial court's ruling upon a basis lacking any evidentiary foundation requires reversal. Furthermore, since the trial court's ruling that the claim was not barred by the statute of limitations was supported by the evidence, the matter should be reversed with directions to affirm the trial judge's ruling.

### ONE

¶ 6 First, Claimant cites *Martin's Market Place v. Bright,* 1995 OK CIV APP 6, 892 P.2d 984, as authority for his contention that 85 O.S.1991 § 3.6(A) forbids any three judge panel to include any judge who "presided over any of the previous hearings on the claim". In *Martin's,* the trial judge who entered an order awarding the claimant temporary benefits and reasonable and necessary medical treatment also sat on the three judge panel which reviewed that order after the employer appealed. This Court held, as a matter of law, as proscribed by § 3.6(A), the disqualification of the judge presiding at trial, to sit on the three judge panel, could not be waived by the parties. It was held the composition of the three judge panel violated § 3.6(A) which forbids appellate review by any judge who has "presided over any of the previous hearings on the claim." Section 3.6(A) provides:

**§ 3.6. Appellate procedures**

A. All the evidence pertaining to each case, except upon agreed orders, shall, insofar as may be possible, be heard by the judge initially assigned to the case. Upon the completion of such hearing or hearings, the judge hearing the cause shall make such order, decision or award as is proper, just and equitable in the matter. Either

---

1. The Court of Appeals stated these benefits are of two types: (1) Non-job UAB, and (2) on-job UAB, which covers employees who are injured on the job or who suffer a work-related sickness.

party feeling himself aggrieved by such order, decision or award shall, within ten (10) days, have the right to take an appeal from the order, decision or award of the Judge to the Workers' Compensation Court sitting en banc. Such appeal shall be allowed as a matter of right to either party upon filing with the Administrator a notice of such appeal. *Such Court en banc* shall consist of three (3) Judges of the Court, *none of whom shall have presided over any of the previous hearings on the claim.* The Court en banc may reverse or modify the decision only if it determines that such decision was against the clear weight of the evidence or contrary to law. Upon completion of the appeal, the members of the Court sitting en banc shall issue such order, decision or award as is proper, just and equitable. Only those members participating in the hearing on appeal shall participate in the making of the order, decision or award. All orders, decisions or awards shall be approved by a majority of the members of the Court sitting en banc. Provided, there may be more than one Court en banc sitting at the same time for purposes of hearing the appeals provided for herein. Appeals shall be allowed on a question of law or a question of fact, or a mixed question of law and fact, and shall be determined on the record made before the Judge. Provided, when the order of the Judge of the Court making an award to a claimant is appealed by the employer or the insurance carrier, interest shall be allowed on the accrued amounts of the award due from the date the award was filed, if the award is not modified or vacated on appeal. [Emphasis supplied.]

¶ 7 While we agree with *Martin's,* we find it clearly distinguishable from the case being considered. The scenario in *Martin's* is the one to which § 3.6(A) applies. In *Martin's,* the hearing in the Court *En Banc,* was on an appeal from the trial court's order. It was not, as in the instant case, a hearing on remand after its order had been vacated in an Appellate review proceeding filed in the Supreme Court. By its own language, § 3.6(A) relates *only* to appeals from the trial court to the Court *En Banc.* Claimant would have this court to take the provisions of § 3.6(A) out of context, and apply them to a matter not addressed by that statute. We decline that invitation.

¶ 8 The restrictive statutory language: "*Such Court en banc* shall consist of three (3) Judges of the Court, none of whom shall have presided over any of the previous hearings on the claim", refers to the previous sentence: "Such appeal shall be allowed as a matter of right to either party upon filing with the Administrator a notice of such appeal". Clearly, "Such appeal" refers to an appeal from the trial court to the Court *En Banc.* It does not refer to the three judge panel [the Court *En Banc]* which considers the matter after a remand from the Supreme Court or this Court. Section 3.6(A) does not mention the composition of the Court *En Banc* on a remand from an Appellate court, and it does not contain any language, general or specific, which may be construed as Claimant contends. To the contrary, while not required by statute, we think the same three judge panel should continue to consider a claim after a remand.

¶ 9 The Workers' Compensation Court is a statutory tribunal of limited jurisdiction which has only such cognizance as is conferred upon it by law.[2] We will not assume the Legislature intended to extend § 3.6(A) further than is plainly stated therein. Courts exist for the purpose of adjudication. We will not engage in legislating. The composition of the three judge panel did not violate § 3.6(A). This contention is rejected.

### TWO

¶ 10 Next, we consider whether this claim is barred by the statute of limitations. See: 85 O.S.1991 § 43(A).[3] In *Rhola v.*

---

2. See generally, *Red Rock Mental Health v. Roberts,* 1997 OK 133, 940 P.2d 486, citing *Bryant–Hayward Drilling Company v. Green,* 1961 OK 127, 362 P.2d 676; and *Pine v. Davis,* 193 Okl. 517, 145 P.2d 378, 380 (1944).

3. A. The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensa-

*Wonder Bread,* 1982 OK 4, ¶¶ 4–7, 639 P.2d 1242, 1244, the Supreme Court considered the issue of tolling the statute of limitations because of payments received by the Claimant. In that case the court determined the payments received by Claimant did not constitute "compensation or remuneration paid in lieu of compensation" and the statute of limitations was not tolled because there was not sufficient acknowledgement by Employer of its liability. The Court said:

> The sole issue presented by Respondent's petition for certiorari is whether the payments which the Claimant received from the Union Fund constituted "compensation or remuneration paid in lieu of compensation", and thus tolled the statute of limitations under 85 O.S.Supp.1980, s 43.
>
> We hold that such payments from the Union Fund did not constitute "compensation or remuneration in lieu of compensation", and that since the Claimant did not file within one year from the date of injury, her claim was barred. We therefore reverse the Court of Appeals' decision and affirm the order of the Workers' Compensation Court en banc.

In *Atlas Coal Co. v. Corrigan* [148 Okla. 36], 296 P. 963 (1931), *Oklahoma Furniture Manufacturing Co. v. Nolen* [164 Okla. 213], 23 P.2d 381 (1933), *Indian Drilling Mud Co. v. McGrew,* 311 P.2d 247 (1957), and *Smedley v. State Industrial Court,* 562 P.2d 847 (1977), we said that in order for payments by the employer to be denominated as "remuneration in lieu of compensation", such payments must be made with intent and a *"conscious recognition of liability by the employer".* If an employer has intended to pay remuneration in lieu of compensation; or even to provide medical treatment after the one-year period has lapsed, his conduct waives the limitation period because of the "conscious recognition of liability". *Inherent in the "conscious recognition of liability" is the conduct of the employer, either in intending to pay "remuneration", or "providing medical treatment".*

tion Court. Provided however, a claim may be filed within two (2) years of the last payment of any compensation or remuneration paid in lieu of compensation or medical treatment which was

The record discloses that the Union contract between the Union and Respondent required Respondent to pay a certain number of cents per wage hour into the Union Health and Welfare Fund. The Health and Welfare Fund did not provide workers' compensation benefits to employees, and funds were not payable to employees drawing workers' compensation benefits ... Respondents, nor anyone in their behalf, have any decision or authority over the expenditure of the funds. The money belongs to the Union and it is disbursed by the Union. There is no control by Respondents over which employees receive benefits, for what reasons, or for how long. [Emphasis supplied.] [Footnotes omitted.]

¶ 11 The Supreme Court in *Rhola,* supra, decided the statute of limitations was not tolled because the Employer had no control over payment of the funds and this was sufficient to negate any "conscious recognition of liability." Also, as correctly noted by Claimant in the instant case, the benefits received by the *Rhola* claimant were not payable if he or she were receiving workers' compensation benefits.

¶ 12 In *Dismang v. Slagle Mfg.,* 1997 OK CIV APP 13, 939 P.2d 31, this Court held that a contract between an employer and a Health Maintenance Organization (HMO) was not a policy of insurance covering the employer's liability for workers' compensation benefits, and payments thereunder by the HMO were not sufficient to toll the statute of limitations under § 43. The Court noted the HMO did not act as an "insurance carrier" by notifying the employer and seeking reimbursement for any deductible as required by the Act under § 64(D)(4). The Court also noted a lack of evidence the claimant had notified employer of his ongoing treatment or that the employer had knowledge of, and acquiesced in, such medical treatment.

¶ 13 Although neither case cited above is directly on point with the instant case, both decisions considered the employer's recognition of its liability as a dispositive issue in determining whether the benefits received

authorized by the employer or the insurance carrier ... The filing of any form or report by the employer or insurance carrier shall not toll the above limitations.

were sufficient to toll § 43. In the instant case, Employer not only knew Claimant was being treated by his group medical insurance carrier, Employer also paid Claimant benefits designated as UAB payments. The testimony shows that UAB (Unavoidable Absence Benefits) are divided into two categories, non-job illness and on-job injuries. The former is a benefit similar to sick leave and represents absences due to illnesses that are not job related. The latter is a benefit representing absences because of work-related injuries and is paid in lieu of workers' compensation temporary total disability (TTD) payments. Claimant testified he believed his supervisor thought his heart attack, which occurred while he was wading through waist-deep snow to get to an oil and gas well, was an injury that occurred because of his employment (1) because of the discussions he had with him, (2) the fact that after the heart attack pathways to the wells were dug by Employer, and (3) because the amount of his benefit check while off work was the same as the amount received from his previous workers' compensation claim. Claimant testified he did not sign an accident report or indicate in writing that he considered his injury to be a "non-job" injury. In fact, he said he did not sign anything. Although he admitted he had stated in his deposition he did not want to file a workers' compensation claim for particular reasons,[4] he also stated his supervisors always made the decision as to how to file the claim.

¶ 14 Employer's representatives testified they did not consider the injury to be work-related. There was testimony that a particular department of the Employer reviews the supervisor's report [which is not signed by the claimant], and makes a determination of whether it is job-related. The testimony indicates all of the control in deciding this issue rests with Employer.

¶ 15 The order of the Court *En Banc* makes the specific finding that Claimant intentionally filed his claim as a non-occupational injury for reasons of his own, despite knowing the difference between the two types of UAB benefits. However, Claimant testified that although he knows the differ-

ence between these benefits now, he did not at the time of his heart attack. The testimony discloses that, regardless of whether he had understood the difference, the Employer made the determination. The decision of compensability of a work-related injury is for the Workers' Compensation Court, not the employer. Employer cannot be given the control to designate an injury, *which happened while Claimant was working,* a non-work related injury, and then argue that Claimant may not recover because he complied and did not file it as a Workers' Compensation claim. The three judge panel's order was not supported by competent evidence. We agree with the trial court, this claim was not barred by the statute of limitations.

¶ 16 The order of the three judge panel is vacated. This case is remanded to the Court *En Banc* for further proceedings consistent with the views expressed in this opinion.

¶ 17 **VACATED AND REMANDED WITH DIRECTIONS.**

JOPLIN, P.J., concurs.

JONES, V.C.J., dissents.

---

4. He testified his reasons were: (1) potential dissatisfaction with him by his co-workers; (2) eliminating the potential for safety awards and safety bonuses; and (3) because he believed his supervisors did not want him to file a claim.